MAY HUBBARD

*v.*

MARCUS C. STEARNS.

| 86 | 35 |
| 147 | 259 |
| 86 | 35 |
| 152 | 111 |
| 155 | 612 |
| 86 | 35 |
| 177 | 550 |

1. LIMITATIONS — *twenty years, under act of 1827.* Under the limitation law of 1827, adverse possession under a claim of ownership for the period of twenty years will bar the owner of a recovery, and it is not essential that the party who takes possession and holds adversely should enter under a deed or muniment of title.

2. Where two purchasers of adjoining lots each took possession of his lot up to a division fence, supposed to have been on the line between the two lots, and by themselves and grantees held such possession for twenty years, claiming title to such fence, it was held that it was immaterial whether such fence formed the true boundary line or not, as the right of either party to claim beyond such fence was barred under the limitation law of 1827.

3. DIVISION LINE — *by agreement or acquiescence.* Where adjoining land-owners agree upon a line dividing their lands, and enter into possession and occupy according to such line, they will be concluded from afterwards disputing such line as the true one; and the rule is the same where parties, for a period of twenty years, acquiesce in such a line.

APPEAL from the Superior Court of Cook County; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in chancery by May Hubbard against Marcus C. Stearns, to settle a disputed boundary line. The bill shows that Stearns had claimed a part of the lot owned by the complainant, being a small strip, and had built a fence inclosing the same, and as a consequence thereof her grantees threaten to sue her, and that Stearns' pretended claim is a cloud upon the unsold portion of said lot, and prevents a sale by her. The prayer was that the original line be established and the cloud removed.

The defendant answered, setting up that the fence built by him was where the division fence had been for more than twenty years prior to the filing of the bill, and showing occupancy and claim of title to such division fence for over twenty years.

On the hearing the court dismissed the bill for want of equity.

Messrs. E. H. & N. E. GARY, for the appellant.

Messrs. FULLER & SMITH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only controverted question presented by the plead-
ings and evidence in this case is in regard to the location of
the division line between lot 13 in block 24, canal trustees'·
subdivision of south fractional section 29, township 39
north, range 14 east, now owned by the appellee, Marcus
C. Stearns, and lot 14 in the same block, owned by appel-
lant, May Hubbard. Both lots were originally owned by
the canal trustees, and before they were platted or sold
they were divided by a line fence which had been erected
long prior to 1848. In the year 1848 a plat of the prop-
erty was made and recorded, and Henry G. Hubbard,
appellant's father, purchased lot 14, September 5, 1848,
and —— Davis, under whom appellee claims, purchased
lot 13, September 4, 1848. When Davis purchased lot 13,
he immediately went into the possession of the property,
claiming title to the old fence which had been erected between
the two lots, and he and his grantees have continuously
occupied up to this fence, claiming the absolute title, down
to the commencement of this suit. It is but a reasonable
inference from the testimony that it was the intent of the
canal trustees, when they platted the property, to adopt
the old fence as the true dividing line of the two lots in
question, but we do not, however, place the decision of the
case upon that ground. Whether the old fence was on the
true line or not, in the view we take of the case, is imma-
terial.

The 4th section of the Limitation Act of 1827 provides:
" No person who now hath or hereafter may have any right
of entry into any lands, tenements, or hereditaments, shall
make any entry therein but within twenty years next after
such right shall have accrued, and such person shall be
barred from any entry afterwards." The 7th section of the

same act declares: "Every real, possessory, ancestral or mixed action or writ of right, brought for the recovery of any lands, tenements, or hereditaments, shall be brought within twenty years next after the right or title thereto or cause of such action accrued, and not after." Gross' Stat. 1869, p. 429. Under this statute adverse possession under a claim of ownership for the period provided by the act will bar the owner of a recovery. As has been held in *Turney* v. *Chamberlain*, 15 Ill. 273, and subsequent cases, it is not essential, under the statute, that the party who takes possession and holds adversely should enter under a deed or muniment of title; possession under a claim of ownership taken and held for a period of twenty years is sufficient to complete the bar. *Weber* v. *Anderson*, 73 Ill. 439. In this case appellee and his grantees have had the possession of the land in dispute for a period exceeding twenty years. Conceding appellant's theory correct as to the location of the line, still the undisputed fact remains that the strip of land now claimed by appellant has been occupied, under a claim of ownership, for over twenty years, which constitutes a complete bar to a recovery, unless the obvious meaning of the statute should arbitrarily be construed to mean something different from what the plain language used would import. It may, however, be said, as this controversy grew out of a dispute as to a line between adjoining owners, a different construction should be given the statute. That point is, however, fully met by the decision in *Bauer* v. *Gottmanhausen*, 65 Ill. 499, where, as here, the controversy was in regard to the line dividing adjoining lots. In that case it was said: "The landlord of appellee, and those under whom he claimed, are shown to have been in open, visible, and actual possession for more than twenty years continuously, by themselves or their tenants. This, under the statute of limitations, is amply sufficient to fix, indisputably, the boundaries of an actual possession, and to bar all entries where there is no

one within the savings in favor of persons under disabilities.''

There is another ground upon which appellee may be regarded as concluded from a recovery. The doctrine may be considered as well settled, that where adjoining land-owners agree upon a line dividing their lands, and enter into possession and occupy according to this line, they are concluded from afterwards claiming that the line agreed upon is not the true one. *Crowell* v. *Maughs*, 2 Gilm. 419 ; *Yates* v. *Shaw*, 24 Ill. 367 ; *Smith* v. *Hamilton*, 20 Mich. 433. Here, Hubbard, under whom appellant derives title, when he purchased in 1848, went into possession of his lot. Davis, under whom appellee claimed, purchased about the same time, and went into possession of the other lot. The old fence which is now relied upon as the line was then standing, and the parties occupied their respective lots according to that line. It was recognized and acquiesced in by Hubbard while he lived, and those claiming under him since, as the true line. Now, although these parties may not have established a line by an express agreement, yet, when they have acquiesced in and recognized a line as the true one for a period of twenty years, they should be bound and concluded by their acts.

These statutes of limitations are statutes of repose. They were doubtless enacted for the purpose of cutting off stale claims, and their salutary effect, under a liberal construction, can not well be doubted. Appellant has not established a right of recovery, and the decree of the circuit court will be affirmed.

*Decree affirmed.*