ISAAC DARST

*v.*

JOHN B. ENLOW.

*Filed at Springfield March 27, 1886.*

BOUNDARY—*division line by adoption or agreement.* If the owners of two adjoining tracts of land agree that a hedge between them is on the true line, and adopt it as the division line, and hold possession in accordance therewith for many years, the parties and their privies in estate, after such lapse of time, will be estopped from disputing the correctness of such adopted line.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. H. R. BENSON, and Messrs. TIPTON & BEAVER, for the appellant:

The plaintiff having proved title, the real question on the trial was, where the true line was between the two eighties. The evidence shows the hedge fence was not set out with any

view of settling the line, nor is there any evidence of an agreement as to the hedge being the line.

The doctrine of adverse possession is to be taken strictly, and is not to be made out by inference, but by clear and positive proof. It must be visible, open, exclusive and notorious. It must be hostile in its inception, and so continue, and must continue for the whole period of twenty years. *Irving* v. *Brownell,* 11 Ill. 413; *Turney* v. *Chamberlain,* 15 id. 273; *McClelland* v. *Kellogg,* 17 id. 504; *Goewey* v. *Urig,* 18 id. 241; *Brooks* v. *Bruyn,* id. 541; *McNamara* v. *Seaton,* 82 id. 501.

It was only by the consent and agreement, and upon condition by Oliver Pease, who owned the land now owned by the appellant, that Christian J. Gillespie was permitted to join his fence to the hedge in question, and until notice to Oliver Pease by Christian J. Gillespie, or persons claiming under him, that they were holding it adversely, the statute would not begin to run, and the fact that the persons claiming under Christian J. Gillespie may have, at times, encroached upon the strip of land in question, would not be sufficient to put Pease or appellant upon notice that they were holding the strip of land adversely, Pease at all times asserting his ownership to this strip of land. We think this case is clearly within the cases of *McNamara* v. *Seaton,* 82 Ill. 498, *Quinn* v. *Eggleston,* 108 id. 248, and *Grimm* v. *Murphy,* 110 id. 271.

Messrs. FIFER & PHILLIPS, for the appellee:

Our claim of the land east of the hedge is based upon three facts: First, that the hedge is on the true line according to the original government survey; second, that Gillespie, who first improved the Enlow eighty, and the subsequent owners thereof, together with Oliver Pease, recognized the hedge as a boundary line; and third, that Enlow and his grantees have had adverse possession for more than twenty years prior to the commencement of this suit.

If it be true that the hedge was recognized and treated as the boundary line, then there can be no recovery in this case, even though twenty years' possession has not elapsed, and the finding of the court below on this question of fact is the same as the verdict of a jury, which is conclusive upon this court. *Hubbard* v. *Stearns*, 86 Ill. 35; *Cutler* v. *Callison*, 72 id. 113; *Bitter* v. *Saathoff*, 98 id. 266; *Crowell* v. *Maughs*, 2 Gilm. 419.

That the third reason presents a good defence, see *Hubbard* v. *Stearns*, 86 Ill. 35; *Lavalle* v. *Strabel*, 89 id. 370; *Daniels* v. *People*, 21 id. 439.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment by Darst, against Enlow, for the following described piece of land in McLean county: Commencing at the south-east corner of the west half of the south-east quarter of section 35, township 24 north, range 1 east, running thence north, on the east side of said tract of land, fifteen chains, thence west fifteen links to the line of hedge running south, thence south on the line of hedge to the south line of said tract, thence east fifteen links to the place of beginning, containing one-quarter of an acre. The cause, by agreement of parties, was tried by the court without the intervention of a jury, and verdict and judgment were rendered for Enlow. Darst took a new trial under the statute. The cause was again, by agreement of parties, tried by the court without the intervention of a jury, and again the verdict and judgment were given for Enlow. The case is here by the appeal of Darst.

One John F. Henry purchased and received a patent from the United States for the south-east quarter of section 35, township 24 north, range 1 east. He sold, and conveyed by deed, the west half of this tract to Oliver Pease, on the first day of May, A. D. 1847. In 1850, Pease planted a hedge on what Enlow claims was intended as his east line, but on what

Darst claims lacked fifteen links of his east line, and as Darst further claims, intending thereby to leave a private roadway, east of the hedge, on his tract. The hedge has since remained where it was then planted. Pease remained in possession of that part of the tract west of the hedge until his death, which was, perhaps, about the commencement of the year 1879. The executor under his will, within the same year, sold and conveyed the said west half of the quarter section to Darst, and Darst thereupon took possession, and has since retained possession of that part of the tract west of the hedge. On the first day of May, A. D. 1845, Henry sold and conveyed the east half of the quarter section to Christian J. Gillespie. In 1852 Gillespie inclosed it by putting a fence on the north, south and east sides, treating the hedge planted by Pease as a fence on the west side. Gillespie remained in possession of the tract as thus inclosed, until his death, in 1860. The title which thereupon descended to the heirs at law of Gillespie, he dying intestate, has been, through various *mesne* conveyances, vested in Enlow.

If the hedge is not on the true line between the tracts, that line, according to what we regard as a preponderance of the evidence, at the south end is only from seven and one-half to ten feet east of the south end of the hedge, and at the north end the line either intersects or comes within two or three feet of the hedge, thus forming a triangle between the hedge and the true line. This conclusively shows that if the hedge was not put upon the true line, Pease did not know where the true line was, for no one would intentionally leave such a strip of land for a highway. There is evidence that Pease intended the hedge to be on the line between the tracts, and there is some evidence that a former line had been surveyed as the line dividing the tracts where the hedge was planted; and one witness testifies that on appealing to Pease to unite with the neighbors and have that line definitely located by the surveyor, he declined, saying, with an oath, that he "wouldn't

pay a cent,—he had his complement of land, and intended to stick to it."

The evidence with regard to the use of this strip as a private way, is clearly insufficient. There is, it is true, proof that near the south-west corner of the Enlow tract there were temporary bars for some time, and that persons occasionally passed through them; but the clear preponderance of evidence is, that those bars were east of any point pretended as the southern end of the true line between the tracts, and that they were clearly on the Enlow tract, and the proof fails to show that any fixed line of travel was ever observed by persons entering through these bars; and it is clear that for a large part of the time travel with wagons over the south end of the disputed strip would have been impossible, on account of large locust trees growing upon it.

There is evidence that Pease and Gillespie agreed that Pease should have a right to enter on the east side of the hedge, through Gillespie's fence, and that Pease required Gillespie to trim and keep up the south half of the hedge as the condition upon which Gillespie should join his fence to the hedge; but this is entirely consistent with the idea that the hedge was intended to be a division fence. It was reasonable that Gillespie should do something for the use of the hedge, and this certainly was not more than in fairness he should have done for its use. If Pease and Gillespie intended the hedge as a division fence, it must remain such. If they agreed that this hedge was on the line, then, after this great lapse of time, possession meanwhile having been uniformly in accordance with that agreement, it can not now be questioned. *Hubbard* v. *Stearns,* 86 Ill. 35; *Cutler* v. *Callison,* 72 id. 113; *Bitter* v. *Saathoff,* 98 id. 266; *Crowell* v. *Maughs,* 2 Gilm. 419.

We can not say that the court erred in finding that Darst failed to make out a case entitling him to recover.

The judgment is affirmed.

*Judgment affirmed.*