CHARLOTTE A. WHITFORD

*v.*

JOHANNA DREXEL *et al.*

*Filed at Ottawa November 13, 1886.*

1. LIMITATION—*extent of one's possession of land—as affecting the bar of the statute.* Possession of a part of an entire tract of land, under color of title for the whole, will be possession of all of the tract not in the adverse possession of another.

2. Where a person enters into the actual possession of a part of an entire tract, which was vacant and unoccupied at the time, under a conveyance for the whole, his possession will be regarded as embracing all the land called for in his deed. But possession of a part, only, of an entire tract, even under a deed for the whole, will not extend to and embrace another portion in the adverse possession of another.

3. So in an action of ejectment to recover a strip off a lot of ground, the plaintiff showed color of title for the whole lot, and also proved the payment of all taxes thereon for seven successive years, under such color of title, but failed to show any possession of such strip at any time: *Held,* that the evidence did not authorize a recovery, and that the court properly instructed the jury to find for the defendant.

4. EJECTMENT—*plaintiff must recover on the strength of his own title.* Where the plaintiff in ejectment fails to prove title to the premises, or show a right of possession, and is therefore defeated, he can not complain that he was not allowed to rebut the proof of the defendant's title. The plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary.

5. SAME—*recovery when plaintiff is in possession.* A plaintiff in ejectment is not entitled to a judgment of recovery as to premises of which he had possession when suit was brought, and is in the possession at the trial.

6. PRACTICE—*directing what the verdict shall be.* Where the plaintiff in ejectment fails to establish a fact necessary to his right of recovery, the court may properly instruct the jury to find for the defendant.

APPEAL from the Circuit Court of Rock Island county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. JOHNSON & JOHNSON, for the appellant:

Under the pleadings, the plaintiff was not called upon to prove that the defendants were in possession of the premises, or that they claimed title or interest therein, at the time of bringing suit, or that plaintiff demanded possession, but she could have recovered any part she showed herself to be entitled to, either the whole or less than the whole. Rev. Stat. chap. 45, sec. 12; *Rupert* v. *Mark*, 15 Ill. 540.

The court erred in taking the case from the jury, as the evidence showed a right of recovery as to all of the property except the narrow strip. *Almond* v. *Bonnell*, 76 Ill. 539.

As to this strip, the plaintiff was, in contemplation of law, in possession of this when she was in possession of the rest of the lots, claiming the title to the whole. *Davis* v. *Eastley*, 13 Ill. 199; *Winkler* v. *Meister*, 40 id. 351; *Austin* v. *Rust*, 73 id. 493; *Scott* v. *Delaney*, 87 id. 148.

Mr. J. T. KENWORTHY, for the appellees:

The color of title, payment of taxes for seven successive years, and possession, must have concurred, and the seven years must be prior to the demise laid in the declaration. *Wood* v. *Morton*, 11 Ill. 547; *Pitkin* v. *Yard*, 13 id. 251; *Holt* v. *Rees*, 44 id. 30; *Clark* v. *Lyon*, 45 id. 388; *Iberg* v. *Webb*, 96 id. 415.

Where possession is relied on for any legal purpose, in the absence of paper title, it must be an actual and not a constructive possession. *City of Champaign* v. *McMurray*, 76 Ill. 353.

It is true that when a party enters into lands according to the description in his deed, his occupancy of a part, claiming the whole, is construed as a possession of the entire tract. But this can only apply when there is not an adverse posses-

sion.    *Brooks* v. *Bruyn,* 18 Ill. 539 ; *Coleman* v. *Billings,* 89 id. 183 ; *Goewey* v. *Urig,* 18 id. 238.

The appellant, therefore, having failed entirely to make out a part of her case essential to a recovery, there is no error in the court instructing the jury to find for the defendant. *Smith* v. *Gillett,* 50 Ill. 290 ; *Crowley* v. *Crowley,* 80 id. 469 ; *Poleman* v. *Johnson,* 84 id. 269 ; *Frazier* v. *Howe,* 106 id. 563 ; *Abend* v. *Railroad Co.* 111 id. 202 ; *Ayers* v. *Chicago,* id. 406 ; *Alexander* v. *Cunningham,* id. 511.

Mr. JUSTICE CRAIG delivered the opinion of the Court·

This was an action of ejectment, brought by Charlotte A. Whitford, in the circuit court of Rock Island county, against Johanna and Frank Drexel, to recover possession of lots 3 and 8, block 2, in the town of Cordova.    The two lots described in plaintiff's declaration, join lots 4 and 7 on the west, as appears from the following plat, put in evidence on the trial :

In the declaration the plaintiff claimed to recover all of lots 3 and 8, but the proof showed that she was in the possession of the whole of said lots, except a strip of land three or four feet wide, on the east side, which was occupied by the defendants, and inclosed with lots 4 and 7, which they owned.

After the evidence was all in, the court instructed the jury to find for the defendants, and a verdict was rendered in accordance with the instruction, upon which the court rendered a judgment. In order to determine whether the instruction to the jury was correct or incorrect, it will be necessary to examine the evidence introduced on the trial.

The plaintiff did not undertake to establish a regular chain of title from the government to herself, to the property, but relied on color of title, possession, and payment of taxes for seven successive years, as required by section 6, chapter 83, of the Revised Statutes of 1874, p. 467. For this purpose, she read in evidence a deed dated December 2, 1865, made by Joseph Spencer and wife to herself, purporting to convey the property. She also proved payment of taxes for seven successive years after the execution of the deed, but she failed to establish seven successive years' possession in connection with color of title and payment of taxes, which was necessary in order to render her color of title availing under the statute. Indeed, she never was in the possession of the strip of land in dispute, or any part thereof. The proof is clear and positive, that the strip of land was fenced in with lots 4 and 7, by a fence running north and south, as early as 1856, by the person who then owned lots 4 and 7. That fence has remained there ever since, and the strip of land has been in the possession of defendants and their grantors, in connection with lots 4 and 7, since that time.

It is said in the argument, that possession of a part of a tract of land under a deed for an entire tract, in law, is possession of such entire tract, and under this head it is argued, that as plaintiff proved possession of a part of lots 3 and 8 for seven successive years, under a deed for the whole, she was thus in possession of the whole of both lots. Where a tract of land is vacant, and a person enters into possession of a part of the tract, and makes improvements thereon, under a deed for the entire tract, the possession of the part

will be regarded as possession of the whole tract, as described in the deed under which the entry is made and possession taken. But this doctrine has no application to a case like the one under consideration. Here, the strip of land in controversy, when plaintiff first went into possession of lots 3 and 8, was in the adverse possession of the defendants, and has so remained ever since, and the possession she acquired of the remaining portion of the lots, had no bearing whatever on the strip held adversely.

From what has been said, it is apparent that the evidence failed entirely to establish title in the plaintiff, and the charge of the court to the jury, to find for the defendants, was correct.

It is said plaintiff ought to have been permitted to recover, in any event, that part of lots 3 and 8 not embraced in the strip. The evidence shows that plaintiff had, when the suit was commenced, and still has, possession of that part of the lots, and how or why she should recover possession when she has possession, is not quite apparent.

It is claimed that the court erred in refusing plaintiff the right to rebut defendants' proof of twenty years' adverse possession. Whether the defendants had been in possession of the strip of land for twenty years, was immaterial. It was established beyond controversy, that plaintiff never was in possession of the strip of land, and hence had no title. This being so, whether the defendants had title was of no consequence, as plaintiff was bound to recover on the strength of her own title, and not on the weakness of that of her adversary. No ground is disclosed by the record under which plaintiff could recover, and even if some slight error had been committed on the trial of the cause, it would be no ground to reverse the judgment.

The judgment will be affirmed.

*Judgment affirmed.*