BERTHA HELLMAN, Appellee, *vs.* J. NEWTON ROE, Appellant.

*Opinion filed October 24, 1916.*

1. EJECTMENT—*what does not prove title to a strip of land involved in boundary dispute.* In an ejectment suit over the location of a lot line, testimony of a surveyor that the defendant's house was built south of the original lot line and encroached on plaintiff's land to the extent described in the declaration, and proof that the plaintiff got her lot by a warranty deed, without showing that her grantor had ever been in possession of the strip, are not sufficient to prove plaintiff's title to the strip of land in dispute.

2. SAME—*plaintiff must recover upon strength of her own title.* In an ejectment suit over the location of a lot line it is necessary for the plaintiff to prove her title to the strip of land in controversy, as she must recover upon the strength of her own title and not upon the weakness of the title of the defendant.

3. SAME—*when plaintiff must deraign title from the government.* In an ejectment suit over the location of a lot line, where the plaintiff does not show that she was ever in possession of the strip in dispute and does not connect herself with any prior grantor who was in possession, it is incumbent upon her to deraign title from the government to herself, and the filing by the defendant of special verified pleas denying his possession of any part of plaintiff's lot and disclaiming title or interest in the premises does not relieve plaintiff of this burden.

4. SAME—*defendant should be allowed to prove possession for statutory period.* In an ejectment suit over the location of a lot line the defendant should be allowed to prove peaceable possession

of the strip for the statutory period of twenty years, for when parties owning adjoining premises have acquiesced in and recognized a line as the true one for twenty years they are bound and concluded by such acts.

5. SAME—*when location of original lot line is immaterial.* The location of an original lot line becomes immaterial where it is shown that either by agreement or by acquiescence a boundary line between the adjoining premises has been established and recognized as the true boundary between the premises for the period of twenty years.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.

H. J. ROSENBERG, (IRVING ZIMMERMAN, of counsel,) for appellant.

G. J. NORDEN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, Bertha Hellman, recovered a judgment in ejectment in the superior court of Cook county against J. Newton Roe, appellant. The suit was originally against Tony Calicos and appellant but was dismissed as to Calicos.

At the close of appellee's case, and again at the close of all the evidence, appellant made a motion for a directed verdict, and the denial of this motion is assigned as error. It will only be necessary for us to consider two of the grounds urged in support of this assignment of error: (1) That appellee failed to make a *prima facie* case; and (2) that the court erred in excluding testimony offered by appellant tending to prove that he had been in possession of the premises in controversy for more than the twenty-year limitation period.

The usual declaration in ejectment was filed and was for the recovery of the possession of lot 28 in Assessor's division of the north part of lot 1, etc., in the city of Chicago. To the declaration appellant pleaded not guilty, and in ad-

dition thereto filed three special pleas, each verified, that he
was not, and never had been, in possession of the lot de-
scribed in the declaration or any part of it; that he did
not claim any part of the premises; that he had not en-
tered upon the premises, and that he did not now claim,
nor had he at any time claimed, any title to or interest in
the premises or any part thereof.

Appellant owns the lot immediately north of lot 28,
and this suit is the result of a dispute as to the location of
the boundary line between those lots. Appellee claims that
the building of appellant encroaches upon her lot and that
he is in possession of a strip off the north side of her lot
2⅝ inches wide at one end and 4½ inches wide at the
other end. Appellant attempted to prove on the trial that
his house had been located in its present position for more
than twenty years, and that he and his grantors had been
in possession of the lot upon which his house is located,
including the strip in question, ever since the house had
been built. Appellee testified that she derived title to lot 28
by warranty deed from Mary McDermott, who was the
owner of the property, on September 9, 1907, and that
she had resided upon the premises for nine years previous
to the commencement of the suit. She testified that the
house on her lot had been there between twenty-five and
thirty years and that the house on appellant's lot had stood
there at least twenty-five years. She proved by the testi-
mony of a surveyor that appellant's house was built south
of the original lot line and encroached on her lot to the
extent above mentioned. This was all the proof made on
the part of appellee as to title and possession. This is not
sufficient to entitle appellee to recover. It was necessary
for appellee to prove her title to the strip in controversy,
as she must recover upon the strength of her own title and
not upon the weakness of the title of appellant. (*Whit-
ford* v. *Drexel,* 118 Ill. 600; *Agnew* v. *Perry,* 120 id. 655;
*Krause* v. *Nolte,* 217 id. 298.) As appellee did not show

that she was ever in possession of the strip and did not connect herself with any prior grantor who was in possession of it, it was incumbent upon her to deraign title from the government to herself. (*Krause* v. *Nolte, supra.*) The filing of the special pleas did not relieve appellee of this burden. Appellee proved that the house on the lot adjoining her lot on the north belonged to appellant and that it had stood there for at least twenty-five years. She did not show that either she or her grantors had ever been in possession of the strip in question nor did she deraign title from the government to herself. The only inference which could be drawn from her proof was that the boundary line between the two lots had been established along the south line of appellant's building by acquiescence. The mere fact that Mrs. McDermott had conveyed lot 28 to appellee by warranty deed did not prove title in appellee to the strip in question, as it does not appear that either Mrs. McDermott or appellee was ever in possession of that strip. Appellee failed to make a *prima facie* case and the court should have given the peremptory instruction.

It was error to exclude the testimony relative to the peaceable possession by appellant and his grantors for the period of twenty years. Although parties owning adjoining premises may not have established the boundary line by express agreement, yet when they have acquiesced in and recognized a line as the true one for a period of twenty years they are bound and concluded by such acts. (*Hubbard* v. *Stearns*, 86 Ill. 35.) The location of the original line becomes immaterial where it is shown that either by agreement the boundary line between the adjoining premises has been located or the same has been established by acquiescence of the parties and by the recognition of a certain line as the true boundary line between the premises for the period of twenty years. A change in a certain and known boundary line is binding where there has been a clearly proved practical location of a new line and an ac-

quiescence in such line for a time long enough to bar a right of entry under the Statute of Limitations. *Henderson* v. *Dennis,* 177 Ill. 547.

For the errors indicated the judgment of the superior court is reversed and the cause remanded.

*Reversed and remanded.*