(No. 25187.—

JAMES WILSON MCREYNOLDS, Appellant, *vs.* J. R. MILLER, Admr., *et al.* Appellees.

*Opinion filed October 10, 1939.*

152

Paul McWilliams, and H. B. Tunnell, for appellant.

Dennis J. Godfrey, for appellees.

Mr. Justice Jones delivered the opinion of the court:

This is an action to impeach the decree entered against appellant, James Wilson McReynolds, January 27, 1932. The decree set aside and expunged the record of a deed to certain real estate, which deed had been previously executed by the plaintiff in that suit, Mary J. McReynolds, to appellant as grantee. The basis of the decree was that the deed had never been delivered and was recorded by mistake. The circuit court of Montgomery county dismissed, for want of equity, the complaint to set aside the decree. Since a freehold is involved, the appeal has been prosecuted directly to this court.

Appellant's complaint sets forth, in full, the proceedings in the original suit and alleges errors of law and of fact. It also charges that the decree was not supported by com-

petent evidence, and that appellant's rights were prejudiced by the gross neglect of his guardian *ad litem*. Mary J. McReynolds died April 11, 1937. Her heirs and the administrator of her estate were named as defendants in this suit. At the time the original decree was rendered against him appellant was a minor, seventeen years of age. He became twenty-one September 12, 1935, and instituted this suit September 4, 1937. The rule is firmly established in this State that one who was an infant when a decree was entered against him may bring a suit to impeach or set aside a decree for fraud, or for error merely. He may exercise this right at any time during his minority or afterwards within the period in which he may prosecute an appeal from the decree. (*Sharp* v. *Sharp*, 333 Ill. 267; *Lloyd* v. *Kirkwood*, 112 id. 329; *Kuchenbeiser* v. *Beckert*, 41 id. 172.) Here the decree was entered against appellant in 1932. The Practice act then in force, which governs here, (rule 1 of this court,) provided that a writ of error could be sued out within two years after the infant attained majority. This complaint was, therefore, filed in apt time.

In the original suit appellant was served with process and a guardian *ad litem* was appointed for him. The guardian filed a formal answer of denial. No evidence in behalf of appellant was introduced and much improper evidence crept into the record. Many of the questions on vital issues were highly objectionable on the ground they were leading, and in much of the testimony witnesses testified to matters of law and others of which they could not have had positive knowledge. These errors cannot be allowed to prejudice the rights of appellant. When the property rights of an infant are in litigation and the infant is in court, he at once becomes the ward of the court, whose duty it is to see that his rights are properly protected. The law contemplates a defense, in fact, so far as is necessary to protect the interests of the ward. The court is bound to specially guard the interests of minors, and to notice

legitimate and substantial objections whether raised by the guardian or not. It is error to enter against a minor a decree not supported by competent evidence. (*Lloyd* v. *Kirkwood, supra; Tymony* v. *Tymony,* 331 Ill. 420; *Harris* v. *Young,* 298 id. 319; *Cartwright* v. *Wise,* 14 id. 417.) Appellant's rights were obviously not properly safeguarded in the original suit. It is our province to determine whether the decree was sustained by competent evidence, considered with the evidence introduced by appellant in this suit.

Appellant was a grandson of Mrs. McReynolds and lived with her on a small farm near Litchfield, Illinois. He worked on the farm. December, 1930, Mrs. McReynolds went to the First National Bank of Litchfield and asked Arthur F. Heath, cashier of the bank, to prepare a deed of her farm to appellant. He did this, she signed it and left it with the bank. The bank had it recorded immediately but Mrs. McReynolds, Heath, and J. R. Miller, president of the bank, all testified she did not give any instruction to have the deed recorded. Two witnesses for appellant testified she knew it was recorded. She denied she knew of it until sixty days before her suit was instituted. In September, 1931, appellant left his grandmother and went to live with an aunt. Her complaint to set aside the deed was filed December 8, 1931.

The question of law to be decided is whether or not there was a valid delivery, in escrow, of the deed. The greater portion of the evidence relates to the question of whether Mrs. McReynolds instructed the escrowee to have the deed recorded. However, in cases of delivery in escrow, the controlling question is whether or not the grantor reserved the right to recall or revoke his action. The fact that the deed is not to be recorded until after the death of the grantor does not affect the delivery. (*Kirkwood* v. *Smith,* 212 Ill. 395; *Kelly* v. *Parker,* 181 id. 49.) The presumption of law is in favor of delivery, and the burden of proof is on the grantor, and those claiming through him,

to show there was no delivery. This transaction was a voluntary settlement, and in such cases the presumption of delivery is stronger than in cases of bargain and sale. (*Kirkwood* v. *Smith, supra; Waters* v. *Lawler,* 297 Ill. 63; *Shults* v. *Shults,* 159 id. 654; *Gronewold* v. *Gronewold,* 304 id. 11; *McClugage* v. *Taylor,* 352 id. 550.) The decisive issue is whether the grantor reserved control over the deed at the time of its delivery. If there is no such reservation at the time, subsequent attempts to revoke, such as destruction or repossession of the deed, are ineffectual, and the delivery is binding. (*Johnson* v. *Fleming,* 301 Ill. 139; *Waters* v. *Lawler, supra.*) The intention of the grantor is controlling, but the intention is evidenced by what he said and did at the time. (*Johnson* v. *Fleming, supra.*) Much of the evidence on the question of delivery is entitled to no weight,—*i. e.,* bare statements of witnesses that the deed was never delivered or as to what the grantor's intention was. These are matters for the court to determine.

Arthur F. Heath, a witness for Mrs. McReynolds, testified "she said she wanted it [the deed] kept there at the bank to be delivered to Wilson McReynolds at her death." If this is true and she reserved no right to revoke, there was a valid and binding delivery. (*Kirkwood* v. *Smith, supra; Gronewold* v. *Gronewold, supra; McClugage* v. *Taylor, supra; Munro* v. *Bowles,* 187 Ill. 346; *Moore* v. *Downey,* 289 id. 612.) Mrs. McReynolds testified in one place "I told him to keep it there in the bank, so it could be delivered to Wilson at my death or that I could get it and destroy it if I wanted to." Later she testified "I told him to make the deed and I signed it. I meant to leave it there until my death or until it was called for." Neither of these statements was in response to the question asked. It is not clear whether she was stating only what she told Heath or was telling her unexpressed intention. In our opinion the latter is true. The intention which governs is the expressed one, not the one which existed solely in her

mind. If she meant she expressed this intention, her testimony was self-serving and should be examined with caution. It is contrary to the testimony of her own witness, Heath, who was disinterested. Moreover, two witnesses for appellant, who were not related to any of the parties, testified she stated she knew of the recording,. said she wanted Wilson to have the farm, and that she had hidden the Litchfield newspaper telling of the recording of the deed so the rest of the family would not know what she had done. In our judgment the evidence clearly shows the deed was delivered to the bank without reservation and was placed out of the control of the grantor. Her subsequent change of mind, occurring significantly at the time Wilson left her and went to live with his aunt, was, under the above authorities, without effect.

The decree of the circuit court of Montgomery county is reversed and the cause is remanded, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*