(No. 28962.—)

GEORGE E. DAGIT *et al.*, Appellees, *vs.* OREN CHILDERSON
*et al.*, Appellants.

*Opinion filed November 21, 1945.*

MEYER & MEYER, of Greenville, for appellants.

CHARLES E. DAVIDSON, of Greenville, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiffs filed suit for ejectment in the circuit court of
Bond county for a strip of land lying along the south side
of the east and west center line of the southwest quarter
of the southwest quarter of section twenty-four (24),
township four (4) north, range four (4) west of the
Third P.M. The strip extended only as far west as Shoal
creek.

In July, 1901, George Ulmer owned the southeast quar-
ter of the southwest quarter of section 24, and all that
part of the southwest quarter of the southwest quarter of
section 24 lying east of Shoal creek. July 20, 1901, the

said George Ulmer and his wife conveyed to Rosa L. Dagit for life the south half of the southeast quarter of the southwest quarter of section 24, and "the south half off of the strip I hold in the bend of Shoal Creek being in the East part of the Southwest quarter of the Southwest quarter * * * containing 28 acres, in section No. Twenty-four." The grantors reserved the possession of the premises during their life, and upon the death of Rosa L. Dagit the premises to descend to the heirs of her body, who are the present plaintiffs.

In 1905 Ulmer made a like deed to Elizabeth Gaffner for the north half of the southeast quarter of the southwest quarter, and the "North one half of the strip I hold in the bend of Shoal Creek being in the East part of the South West quarter of the South West quarter * * * Section Twenty four (24)," this deed also containing the like provisions for grantors possession, and the eventual title in the heirs of the body of Elizabeth Gaffner.

The title of plaintiffs accrued October 26, 1942, when Rosa L. Dagit died. The complaint charges that on October 26 the defendants entered into the possession of the tract owned by the plaintiffs, and now unlawfully withhold the possession thereof. The case was tried upon a stipulation of facts. It is therein agreed the defendants have possession of the north three acres of that part of the south half of the southwest quarter of the southwest quarter of section 24 laying east of Shoal creek.

The contention of the plaintiffs is that by the deed made in 1901 they acquired all of the land in the south half of the southwest quarter of the southwest quarter of section 24 east of Shoal creek. The contention of the defendants is they acquired one half of the total acres contained in the bend of Shoal creek in the southwest quarter of the southwest quarter of section 24. It is stipulated there were less acres in the tract in the bend north of the center line of said southwest quarter than there were in

the south part of the bend of Shoal creek, and the parties have thus attempted to determine the ownership in the action for ejectment by the proper construction to be placed upon these deeds.

The evidence and pleadings presented are insufficient to determine this question in such an action. Since the parties have stipulated that the southeast quarter of the southwest quarter of section 24 contained forty acres, and each half thereof twenty acres, the deed to Rosa L. Dagit would indicate she acquired eight acres of land east of Shoal creek in the southwest quarter of the southwest quarter of section 24. The deed to Elizabeth Gaffner does not indicate the total number of acres. Defendants acquired title by a master-in-chancery deed dated January 12, 1942, which describes the Gaffner tract as containing twenty-five acres. Objection by the defendants to the introduction of this deed was sustained. There is no allegation in the complaint showing the total number of acres east of the bend of Shoal creek. There is no evidence introduced as to the land actually owned and possessed by Rosa L. Dagit or Elizabeth Gaffner any time prior to the possession by the defendants. There is no evidence that the three-acre tract occupied by the defendants is a part of either half in acreage within the bend of Shoal creek.

Plaintiffs allege right of possession of land as described in the deed of July 20, 1901; the defendants deny they, the defendants, occupy any part of land described in the complaint. Both parties stipulate the land in possession of the defendants is immediately south of the east and west line through the forty acres traversed by Shoal creek. This stipulation effectively shows plaintiffs did not have possession of the strip in controversy at the time of the suit, and there is no proof of possession of the same at any prior time. If the legal description in plaintiffs' deed does not include it, the only way to maintain the suit is by proof of possession. If it does include it, possession being denied,

and no possession by the grantees of George Ulmer since the division of the tract being alleged or proved, plaintiffs fail by not showing title back to the government.

The parties agree the question they wish to have decided is whether one half of the strip in the bend of Shoal creek is to be determined from acres or from fractional section description as recited in the deeds. The action of ejectment involves the title to land, and requires under different conditions different kinds of proof. The object is to obtain possession of land, and the construction of deeds is necessarily incidental. All elements to maintain ejectment must be alleged and proved. They are not present in this case. To recover in ejectment it is necessary for the plaintiffs to show they had been in possession of the tract of land in controversy, or that plaintiffs connect with the possession of a prior grantor, or deraign title from the government itself. (*Krause* v. *Nolte*, 217 Ill. 298; *Hellman* v. *Roe*, 275 Ill. 158.) The evidence is totally silent upon the possession of the land in controversy by anybody prior to that of the defendants since 1942.

It is also assumed defendants acquired their title as remote grantees of Elizabeth Gaffner, but this is not shown to be a fact, as the only thing in the record showing title upon their part is the deed from the master in chancery. The objection to this deed was improperly sustained by the court as its acceptance by the defendants would indicate defendants had acquired title to twenty-five acres of land in the north half of the south half of the southwest quarter of section 24 east of Shoal creek, which would not include land in controversy.

It thus appears that to construe the deed made by the original owner, George Ulmer, does not alone determine in ejectment the right to recover possession of the land claimed. It is rather singular that there is a total absence of proof as to what land was possessed by the grantees of George Ulmer, in view of the fact he died in 1915 and his

wife died in 1906, both dates being sufficiently remote to establish title by possession without a deed. The facts stipulated, including the deed to which objection was sustained, are insufficient to determine issues in ejectment.

Further, if the deed should be construed as giving to each grantor of George Ulmer one half of the acreage in the bend of Shoal creek, there is nothing to show such a construction would place three acres south of the division line of the forty acres, or that eight acres remained in the Dagit tract as recited in plaintiffs' deed. The facts are so inadequately presented that we are without power to pass upon the rights of the parties, and they are even insufficient to support the judgment entered by the circuit court. The facts are quite similar to those in *Hellman* v. *Roe,* 275 Ill 158, where we held they were insufficient to support a judgment in ejectment.

For the errors indicated, the judgment of the circuit court of Bond county is reversed, and the cause remanded for a new trial. *Reversed and remanded.*