Merchants National Bank of Aurora, Trustee under Trust No. 401, Plaintiff, v. Margaret Bird Weinold, Defendant-Appellee and Martha Ellis Wagner, Defendant-Appellant.

### Gen. No. 11,247.

Second District, First Division.

June 24, 1959.

Rehearing denied and opinion modified August 28, 1959.

Released for publication August 28, 1959.

219

Hempstead, Redman & Shearer, of St. Charles (Richard D. Shearer, of counsel) for Martha Ellis Wagner, appellant.

John G. Plain, of Aurora, for Margaret Bird Weinold, appellee.

JUSTICE DOVE delivered the opinion of the court.

On December 19, 1935, Winifred B. Colby and the Merchants National Bank of Aurora, entered into a trust agreement and at the same time Mrs. Colby delivered to the bank, as trustee, certain trust deed notes, bonds and securities listed in an exhibit attached to and made a part of the trust agreement. This agreement granted to the trustee the usual and customary powers to receive, hold, protect, manage and control the trust assets and to invest and reinvest the same and to receive and hold, pursuant to the terms of the trust agreement, any other property which might be devised, bequeathed, granted or assigned to it.

By the provisions of the agreement the Settlor, Mrs. Colby, was to receive the net income arising from the

trust estate during her lifetime together with such part of the principal as the Settlor might, at any time, in writing direct. Upon the death of the Settlor the net income from the trust was to be paid to Maude B. Ellis, a sister of the Settlor, for and during the term of her life and if the income was not adequate for her comfortable support then the trustee, might augment such income from the principal to such an extent as, in the discretion of the trustee, would be adequate. The trust agreement further provided that upon the death of Maude B. Ellis or upon the death of the Settlor, if Maude B. Ellis should not then be living, the trust should terminate and the trustee should thereupon distribute the trust estate, as then constituted, one-half to Margaret Bird and one-half to Martha Ellis.

The Settlor reserved the right of modifying or changing the trust agreement at any time and in any manner, together with the right to revoke the same, and to withdraw from the trustee any or all of the trust estate at any time, or from time to time, and the Settlor further reserved the right to increase or decrease the amount of the trust estate and to change, alter, amend or cancel the trust agreement without the consent of any of the beneficiaries or of the trustee, provided the Settlor should exercise such right in writing. After the execution of this trust agreement the bank exercised and performed its duties as trustee as therein directed and apparently to the satisfaction of the Settlor.

On October 25, 1955, the bank, as trustee filed in the Circuit Court of Kane County the instant complaint alleging the execution of the trust agreement and averring among other things, that the said Maude B. Ellis died on May 26, 1939; that the said Margaret Bird had married and is now Margaret Bird Weinold and that the said Martha Ellis is now, by marriage, Martha Ellis Wagner. The complaint further alleged that on February 26, 1945, Winifred B. Colby executed her

221

last will and thereafter, on January 11, 1954, died and that her will was duly admitted to probate by the probate court of Kane County on February 24, 1954. Attached to the complaint were copies of the trust agreement, the will and also a statement or account of the trustee from the inception of the trust to March 30, 1954.

The prayer of the complaint was (a) that the appointment of the plaintiff, as trustee, be confirmed and its acts ratified; (b) that a determination be made whether the last will and testament of Mrs. Colby did or did not revoke the trust agreement or did or did not have any effect on the trust assets and (c) that a determination of the rights and interests of Margaret Bird Weinold and Martha Ellis Wagner be made in and to the proceeds of the trust assets.

Separate answers were filed by Martha Ellis Wagner and Margaret Bird Weinold and Mrs. Weinold filed a reply to the answer filed by Mrs. Wagner. The issues made by the pleadings were heard by the chancellor resulting in a decree which found that the agreement executed by Mrs. Colby and the bank on December 19, 1935, created a valid inter vivos trust which has continued in full force and effect to the present time; that Mrs. Colby died testate on January 11, 1954; that Maude B. Ellis predeceased Mrs. Colby and that under the terms and provisions of the trust, Margaret Bird Weinold and Martha Ellis Wagner became the sole beneficiaries of the trust assets. The decree further found that the exhibit attached to the complaint set forth the assets of the trust at the time of the death of Mrs. Colby and directed the trustee to file a supplemental account and report of its acts and doings since the death of Mrs. Colby.

The decree further found that by reason of the death of Mrs. Colby the trust terminated; that the last will and testament of Mrs. Colby had been duly admit-

ted to probate by the Probate Court of Kane County and that this will did not in any way alter or revoke the trust created by Mrs. Colby on December 19, 1935. The decree followed the findings made therein and directed the trustee to distribute, either in kind or in money, one-half of the assets of the trust to Margaret Bird Weinold and one-half to Martha Ellis Wagner. To reverse this decree Martha Ellis Wagner appeals.

Upon the hearing it appeared that the will of Mrs. Colby was prepared by her attorney, duly executed on February 29, 1945, by the testator at a hospital in Aurora where Mrs. Colby was a patient and was, after its execution delivered to Mr. Ready who was then trust officer of the Merchants National Bank of Aurora. Mr. Ready was present at the time of the execution of the will but was not a witness thereto. The attorney who prepared the will testified upon the hearing that Mr. Ready handled Mrs. Colby's affairs; that at the time of the hearing Mr. Ready was deceased and had been succeeded as trust officer by Oliver M. Wolcott who testified that the bank records disclosed that Mrs. Colby's will had been held by it in its files.

It further appeared upon the instant hearing that the estate of Mrs. Colby, as inventoried by the trust company, as executor of her will consisted of real estate valued at $43,000 and personal property valued at $6751.46 and it was stipulated that at the time the trust was created on December 19, 1935, Mrs. Colby had other assets than those named in the trust agreement. Over the objection of counsel for appellee Mr. Wolcott who succeeded Mr. Ready as trust officer of the trustee bank, was permitted to testify that after the death of Mrs. Colby but prior to the filing of the instant complaint the bank as executor receipted the bank as trustee for all the assets in the trust. Also over the objection of counsel for appellee, Mrs. Blod-

wen J. Davies, a long time friend of Mrs. Colby, was permitted to testify to statements made by Mrs. Colby to Mrs. Davies on the day the will was executed to the effect that the men from the bank had been there so she could change her will; that it was a load off of her mind and that she had left everything to Martha, (appellant) except $1000 to Margaret (appellee). This same witness further testified, over objection, that upon another occasion, a few months later, Mrs. Colby said that she was even sorry she had left appellee $1000.

Under the will of Mrs. Colby appellant is the residuary legatee and devisee. Other than bequests to a niece, to the Aurora Chapter of the Red Cross, to her housekeeper and to a friend all aggregating $2500, appellant will receive the entire estate of Mrs. Colby. Under the provisions of the trust agreement, one-half of the assets of the trust are to be distributed to appellant and one-half to appellee.

It is the contention of appellant that under the provisions of the trust agreement Mrs. Colby expressly reserved the right or power to change the provisions of the trust agreement; that in order to change, alter, amend or cancel the trust agreement, all Mrs. Colby had to do was to exercise such right or power in writing; that when she executed and delivered her will to Mr. Ready, trust officer, of the Merchants National Bank of Aurora on February 26, 1945 she exercised this right or power; that she did this in her lifetime and the legal effect of this instrument or will was to change the provisions of the trust agreement. The change which appellant insists was effected thereby, is that the assets of the trust should be distributed not according to the provisions of the trust agreement but according to the provisions of Mrs. Colby's will.

The writing which it is insisted by counsel for appellant accomplished this change, alteration and can-

cellation of the trust agreement was Mrs. Colby's will executed in February, 1945, almost nine years before she died. There is nothing in the will or any of the words used therein to indicate that it was the desire or wish of Mrs. Colby to revoke, change or alter the trust agreement or any portion thereof. Her will did not directly attempt to exercise any power of amendment or revocation of the trust agreement. It made no reference directly or indirectly to the trust agreement or to the trust assets. This writing was executed as the last will and testament of Mrs. Colby and has been duly proven and admitted to probate as such.

In Restatement of the Law of Trusts (Am. Law Inst. 1935) sec. 330, comment j, it is said: "If the Settlor reserves a power to revoke the trust by a transaction inter vivos, as for example, by a notice to the trustee, he cannot revoke the trust by his will." In the instant case there is an absence of any words or provision in the trust agreement for the exercise of the power which the Settlor reserved to alter, change or modify the trust by will. The trust agreement did not provide for its change, amendment, alteration or cancellation by will.

In Cohn v. Central Nat. Bank of Richmond, 191 Va. 12, 60 S.E.2d 30 the trust instrument involved therein reserved the power to revoke or modify the trust "by written instrument delivered to the trustee." It was contended that a subsequent will which contained an express provision revoking the trust and directing the executor to deliver a copy of the will to the trustee as evidence of the revocation thereof, revoked the trust. The Supreme Court of Virginia determined otherwise holding that the terms of the trust required the revocation to be accomplished during the lifetime of the Settlor.

The trust deed involved in Mayer v. Tucker, 102 N. J. Eq. 524, 141 A. 799 provided that the Settlor

"hereby reserves the right and power to revoke the trust hereby created." Subsequently the Settlor executed her will giving one-fifth of "my estate" to her husband and the balance to him in trust for her four children. The will contained no reference to, or revocation of, the trust deed but the chancellor held that the words "my estate" as used in the will, were intended to refer to that estate over which she had retained the power of revocation as well as her untrammelled property. The Court of Errors and Appeals of New Jersey, in reversing the decree of the lower court said: "We are of the opinion that in the first place there is insufficient evidence either in the will or in the so-called extrinsic circumstances to warrant the conclusion that the execution of the will revoked the deed of trust. In the second place we consider that the deed of trust could not be revoked by a will, as the right of revocation had to be exercised during the life of the donor." In the course of its opinion the court cited 26 R.C.L. p. 1206 where it is said: "If the right of revocation is not exercised during the lifetime of the donor, or other person in whose favor it was reserved, the validity of the trust remains unaffected as though there never had been a reserved right of revocation."

In Old Colony Trust Company v. Gardner, 264 Mass. 68, 161 N. E. 801 it appeared that in November 1912 and at subsequent times Emma L. Borden gave a sum of money to the Old Colony Trust Company, as trustee, with directions to pay the income to her during her life and after her death to pay the income to the Animal Rescue League of Boston. In her declarations of trust she reserved the power to revoke the trust by her last will. Subsequently she executed a will which contained a clause, in part as follows: "I give, devise and bequeath all the rest and residue of the property, real and personal, over which I have any power of testa-

226

mentary disposition at the time of my decease—." The court, in its opinion stated that the will did not undertake to dispose of the specific trust assets and did not contain any revocation of the several declarations of trust unless the above quoted words are a revocation. In directing the trustee to continue to hold the funds under the declarations of trust, the Supreme Judicial Court of Massachusetts held that the several declarations of trust were valid and created vested rights in the beneficiaries until revoked; that the testatrix had no power of testamentary disposition over any of the property held in trust until the trusts were revoked and that it has been held in many cases that a general residuary clause in a will includes any estate of which the testator has a general power of appointment unless a contrary intention is disclosed by the will. "In the case at bar," continued the court, "the appointment has already been made by the declaration of trust, and the power reserved was one of revocation only. Until a trust is revoked, no new appointment or gift can be made, and language which would readily indicate an intention to appoint would not indicate an intention to revoke". (See also Kelley v. Snow, 185 Mass. 288, 70 N. E. 89; Leahy v. Old Colony Trust Co., a Massachusetts case reported in 93 N.E.2d 238, also the annotation in 18 A.L.R.2d 1010.)

Counsel for appellant state that Mrs. Colby made her will intending that the trustee change her trust so as to make the final distribution of all her property including the trust assets, in accordance with the terms of her will. Counsel argue that the intention of Mrs. Colby can only be deduced from two sources, one from the action of the trustee, in taking a receipt for the trust assets from the executor of Mrs. Colby's will and the other from the testimony of Mrs. Blodwen Davies heretofore referred to.

227

■ Why the bank executed a receipt as executor to itself as trustee for the assets of the trust after Mrs. Colby's death can only be conjectured. The trustee of the trust created by Mrs. Colby and the executor of Mrs. Colby's will were the same banking institution. What the bank did after Mrs. Colby's death with reference to its conduct as trustee and executor in this respect was immaterial and irrelevant issues in the present litigation. The rights of all the parties to this record had been determined and fixed at the time of the death of Mrs. Colby and there is nothing in this record that would indicate that what was done by the bank was directed by Mrs. Colby in her lifetime. After the death of Mrs. Colby the then trust officer of the bank may have concluded that the provisions of the trust agreement were revoked by the provisions of the will of Mrs. Colby but before acting on that conclusion and before the bank made any disposition of those assets it filed the instant complaint and sought the direction of an appropriate court. In this connection it might be noted that on the former appeal it was contended by appellant that the trust agreement was testamentary in character and therefore void. (The Merchants Nat. Bank v. Weinold, 12 Ill.App.2d 209.)

■ The extrinsic testimony of Mrs. Blodwen Davies herein referred to was also incompetent. This testimony of statements made by Mrs. Colby, after the execution of her will were inadmissible upon this hearing. (Quigley v. Quigley, 370 Ill. 151, 155; Ickes v. Ickes, 386 Ill. 19, 29; Dahmer v. Wensler, 350 Ill. 23, 30; Knight v. Knight, 367 Ill. 646.)

In their reply brief counsel for appellant concede that this trust agreement could not be altered or revoked by the will of Mrs. Colby. Counsel insist, however, that the will in this case was a legal document which may be used as any other written instrument and for whatever purpose Mrs. Colby de-

sired; that she embodied in the provisions of her will, the changes which she, Mrs. Colby, desired to make in her trust agreement and that these changes became effective on February 26, 1945, the date she executed her will. We do not think so. The conclusion is inescapable that it was not the assets embraced in the trust agreement which Mrs. Colby disposed of by her will but her untrammelled property. Had she intended to terminate the trust at that time it could easily have been accomplished. She had the advice of a lawyer of her choice and of her financial advisor, both of whom, as well as Mrs. Colby, knew of the existence of the trust agreement and were present when her will was executed, but neither the will or any of the extrinsic evidence makes any reference, direct or indirect, to the trust agreement. There is no reference in either instrument to the other instrument and in this connection it is well to recall that when the trust agreement was executed in 1935 the Settlor did not include therein all her property or assets. She was then and also on February 26, 1945, the date she executed her will, the owner of property not trammelled by the trust and it is this property which her will disposed of. The trust agreement and the will are not inconsistent. Each instrument is unambiguous, clear and concise. The assets of the trust are certain and determinable and each instrument must be given effect.

It is insisted in the motion by appellee to dismiss the appeal which was taken with this case, that the decree appealed from is not a final decree and that it adjudicates fewer than all of the claims of fewer than all the parties to this litigation and counsel call our attention to the fact that the decree does not contain an express finding that there was no just reason for delaying an appeal as required by [Ill. Rev. Stats.] section 50 (2) of the Civil Practice Act.

In support of this motion counsel state that while the decree determines the validity of the trust, unaltered and unaffected by the will of Mrs. Colby it also required the trustee to file a supplemental account and left for further determination the distribution of the assets of the trust to the beneficiaries.

The status of the trust at the time of Mrs. Colby's death is shown by an exhibit which was attached to and made a part of the complaint. No question was raised by appellant or by appellee nor did either party make an issue or challenge the correctness of any of the several items set forth in said exhibit. While the decree did direct the trustee to file a supplemental report showing its receipts and disbursements since the death of Mrs. Colby, it directed the "trustee to distribute the assets of the trust in kind or in money, one-half thereof to Margaret Bird Weinold and one-half thereof to Martha Ellis Wagner."

■ The only parties interested in the assets of the trust are appellant and appellee. The decree definitely disposed of and adjudicates all the rights and liabilities in controversy and in issue between all the parties to this record. It is therefore a final decree and subject to review and subparagraph (2) of section 50 of the Civil Practice Act as amended is not applicable. The decree did not reserve any questions for further consideration but completely disposed of all the issues, rights, liabilities and matters in controversy between all the parties. The motion to dismiss the appeal is denied.

When this case was before us on a prior appeal we held that the trust created by Mrs. Colby was a valid one. (The Merchants Nat. Bank v. Weinold, 12 Ill.App.2d 209.) It was valid when created and existed at the time of Mrs. Colby's death. By her death her beneficial interest therein was determined and the ben-

eficiaries in remainder became entitled to their respective shares in accordance with the terms of the trust agreement. The chancellor so determined and the decree appealed from is therefore affirmed.

Decree affirmed.

SPIVEY, P. J. and McNEAL, J., concur.