THE PEOPLE *ex rel.* BRENT MANNING, Director, Department of Conservation, Plaintiff, v. PATRICK NICKERSON, Defendant and Counterplaintiff-Appellant (Brent Manning, Counterdefendant-Appellee).

Third District   No. 3—96—0860

Opinion filed September 18, 1997.—Modified on denial of rehearing October 29, 1997.

Patrick M. Nickerson, of Helena, Alabama, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The circuit court dismissed the counterclaim filed by the defendant, Patrick Nickerson, against Brent Manning, the Director of the Illinois Department of Conservation (Manning), because it found that the matter fell within the exclusive jurisdiction of the Illinois Court of Claims. After carefully reviewing the record on appeal, we hold that the defendant's counterclaim was properly filed in the circuit court. Accordingly, we reverse and remand for further proceedings.

On April 25, 1995, the plaintiff, Illinois Department of Conservation (IDOC), filed a complaint against the defendant. IDOC alleged that it held title to certain property which was part of the Argyle State Park (the park) and the defendant held title to property adjacent to the park. According to the complaint, the defendant constructed a building and cut down trees on park property. IDOC sought a permanent injunction to compel the defendant to remove the building, to refrain from placing another building on park land and to stop cutting down trees. IDOC also prayed for monetary compensation, including the fair rental value of the occupied land, three times the stumpage value of the trees cut down by the defendant and damages resulting from the construction and removal of the building.

In his second amended counterclaim, filed November 20, 1995, the defendant alleged that the survey used by IDOC was not correct. He claimed that he was the owner of the disputed land. The defendant sought a judicial determination of the boundary line between his property and the park and the ejection of IDOC from his land. The defendant also prayed for monetary compensation for damages he allegedly incurred.

Manning filed a motion to dismiss the defendant's counterclaim based upon the doctrine of sovereign immunity. He contended that the circuit court lacked jurisdiction to decide the issues raised in the counterclaim because the counterclaim sought relief against the State of Illinois. According to Manning, the Court of Claims had exclusive jurisdiction to decide the matters contained in the counterclaim.

Based on Manning's motion, the trial court dismissed the defendant's counterclaim. Later, the court amended its order to make the judgment appealable pursuant to Supreme Court Rule 304(a). 134 Ill. 2d R. 304(a).

The sole issue on appeal is whether the defendant's counterclaim was properly dismissed for lack of jurisdiction in the circuit court.

█ Article XIII, section 4, of the Illinois Constitution of 1970 abolished the doctrine of sovereign immunity "[e]xcept as the Gen-

eral Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. Pursuant to this grant of authority, the General Assembly enacted the State Lawsuit Immunity Act. It provides, in pertinent part:

"Except as provided in *** 'AN ACT to create the Court of Claims ***', *** the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 1996).

The Court of Claims Act established the Court of Claims and endowed it with the exclusive jurisdiction to hear certain matters. 705 ILCS 505/1, 505/8 (West 1996); *Patzner v. Baise*, 133 Ill. 2d 540, 545, 552 N.E.2d 714, 716 (1990). When sovereign immunity applies, the circuit court is without jurisdiction to entertain the claim. *Doe v. Burgos*, 265 Ill. App. 3d 789, 791-92, 638 N.E.2d 701, 703 (1994).

■ Because of sovereign immunity, the State or a department of the State cannot be a proper party defendant in an action brought *directly* in the circuit court. *Smith v. Jones*, 113 Ill. 2d 126, 132, 497 N.E.2d 738, 740 (1986); *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 725, 658 N.E.2d 1261, 1265 (1995). However, the application of sovereign immunity is not always clear-cut. The determination of whether an action is, in fact, a suit against the State turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. *In re Lawrence M.*, 172 Ill. 2d 523, 527, 670 N.E.2d 710, 713 (1996); *Currie v. Lao*, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992); *In re Rami M.*, 285 Ill. App. 3d 267, 271, 673 N.E.2d 358, 360 (1996); *Vogt v. Bartelsmeyer*, 264 Ill. App. 3d 165, 170, 636 N.E.2d 1185, 1189 (1994). An action will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980; *Christiansen v. Masse*, 279 Ill. App. 3d 162, 168, 664 N.E.2d 314, 318 (1996). However, in determining whether sovereign immunity applies to a particular case, substance must take precedence over form. *Rockford Memorial Hospital v. Department of Human Rights*, 272 Ill. App. 3d 751, 757, 651 N.E.2d 649, 654 (1995).

We agree with Manning that the Court of Claims has jurisdiction over a property dispute where the State of Illinois has title to the disputed property. See *Gordon v. Department of Transportation*, 99 Ill. 2d 44, 47, 457 N.E.2d 403, 405 (1983); *Village of Riverwoods*, 276 Ill. App. 3d at 726, 658 N.E.2d at 1266; *Evans v. Brown*, 267 Ill. App. 3d 662, 668, 642 N.E.2d 1335, 1339-40 (1994). In such a case, the State Lawsuit Immunity Act "will bar its *commencement* in the circuit court." (Emphasis added.) *Village of Riverwoods*, 276 Ill. App. 3d at 726, 658 N.E.2d at 1266.

In this case, IDOC alleges that it is the record titleholder of the

property in dispute between the parties. It therefore argues that the Court of Claims has exclusive jurisdiction over the defendant's counterclaim in which the defendant claims ownership of the disputed property and seeks damages arising from the property dispute. Based upon the unique circumstances presented in this case, we disagree with IDOC's argument that the Court of Claims has jurisdiction over the defendant's counterclaim.

IDOC filed its action seeking adjudication of its property dispute with the defendant in the circuit court. In his counterclaim, the defendant contends that IDOC's claim is based upon an inaccurate survey and that he in fact is the owner of the land upon which he built his building and chopped down trees. The defendant's counterclaim is based on the identical property dispute involved in IDOC's original complaint. The outcomes of both IDOC's complaint and the defendant's counterclaim are dependent upon the same facts.

■ We conclude that it would defy logic and the efficient administration of justice for IDOC to obtain a resolution of its property dispute with the defendant in the circuit court while, at the same time, requiring the defendant to file his counterclaim seeking resolution of the same property dispute in the Court of Claims. We find that such a result would improperly elevate form over substance. See *Rockford Memorial Hospital*, 272 Ill. App. 3d at 757, 651 N.E.2d at 654.

IDOC filed its action seeking resolution of its property dispute with the defendant in the circuit court. Because of IDOC's action, the circuit court has acquired jurisdiction over the issues and facts resolving the property dispute in question. Consequently, we hold that the trial court improperly dismissed the defendant's counterclaim.

In his petition for rehearing, Manning cites new authority in support of his argument. Manning claims that our decision is inconsistent with two cases where the appellate court held that counterclaims against the State were barred by sovereign immunity.

We recognize that the courts in *People ex rel. Department of Transportation v. Cook Development Co.*, 274 Ill. App. 3d 175, 653 N.E.2d 843 (1995), and *People v. Patrick J. Gorman Consultants, Inc.*, 111 Ill. App. 3d 729, 444 N.E.2d 776 (1982), concluded that counterclaims against the State were properly dismissed because of sovereign immunity. The courts, in both cases, determined that a party may not raise a counterclaim against the State in the circuit court if the same action would ordinarily be barred by the State Lawsuit Immunity Act. *Cook Development*, 274 Ill. App. 3d at 184, 653 N.E.2d at 850; *Patrick J. Gorman Consultants*, 111 Ill. App. 3d at 730-31, 444 N.E.2d at 778. The courts in these cases concluded that the State did

not waive sovereign immunity by bringing the original action in the circuit court. *Cook Development*, 274 Ill. App. 3d at 184, 653 N.E.2d at 850; *Patrick J. Gorman Consultants*, 111 Ill. App. 3d at 730-31, 444 N.E.2d at 778.

However, none of the cases cited by Manning has considered the question now pending before this court. The issue before us is whether sovereign immunity bars a counterclaim when the same facts and issue raised in the counterclaim were already pending in the circuit court. Based upon the unique facts and procedural history of the instant case, we disagree with the broad language used by the courts in *Cook Development* and *Patrick J. Gorman Consultants*. As a result, we adhere to our original conclusion that the circuit court has jurisdiction over the defendant's counterclaim because the outcomes of both IDOC's complaint and the defendant's counterclaim are based upon a resolution of the same set of facts.

We finally note that in no sense are we passing judgment upon the sufficiency of the defendant's pleadings. IDOC has not filed a motion to dismiss on that basis. Consequently, the issue regarding the sufficiency of the defendant's pleadings is not before this court.

For the reasons stated, the judgment of the circuit court of McDonough County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON, P.J., and BRESLIN, J., concur.