(No. 84457.—

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* BRENT MANNING, Director of Conservation, Appellant, v. PATRICK NICKERSON, Appellee.

*Opinion filed October 22, 1998.—Rehearing denied November 30, 1998.*

MILLER, J., took no part.

FREEMAN, C.J., concurring in part and dissenting in part.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellant.

Patrick M. Nickerson, of Helena, Alabama, appellee *pro se.*

JUSTICE HEIPLE delivered the opinion of the court:

When the State of Illinois sues a defendant in the circuit court, may the defendant assert a counterclaim in the circuit court against the state seeking damages for common law claims otherwise barred by sovereign immunity, *or* must the defendant file a separate action against the state in the Court of Claims? That is the critical issue for decision, an issue on which the appellate court has issued conflicting opinions. Compare the opinion below in this case (292 Ill. App. 3d 346 (defendant may raise issues in the circuit court by way of counterclaim otherwise barred by sovereign immunity)) with *People ex rel. Department of Transportation v. Cook Development Co.*, 274 Ill. App. 3d 175 (1995) (circuit court lacks jurisdiction to adjudicate a counterclaim raising claims barred by sovereign immunity), and *People v. Patrick J. Gorman Consultants, Inc.*, 111 Ill. App. 3d 729 (1982) (same).

The Director of the Illinois Department of Conservation (the Director) filed a complaint against the defendant, Patrick Nickerson, in the circuit court of McDonough County. The Director alleged that the defendant, who owns property adjacent to Argyle State Park, constructed a building and cut down trees on park property. The state sought a permanent injunction to compel the defendant to remove the building and money damages for the defendant's use of the land. The defendant filed a counterclaim against the Director and sought a judicial determination of the boundary line between his property and the state park, ejectment of the state from his land, and money damages for the common law torts of trespass, emotional distress, and slander of title.

On the state's motion, the circuit court dismissed the defendant's counterclaim and held that it lacked jurisdic-

tion to adjudicate the defendant's counterclaim because the Court of Claims is vested with the exclusive jurisdiction over claims made against the state. The appellate court reversed and held that because the defendant's counterclaim required the resolution of the same issues and was based on the same facts as the state's complaint, the counterclaim was properly brought in the circuit court. We allowed leave to appeal.

The Illinois Constitution of 1970 abolished the doctrine of sovereign immunity "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. The State Lawsuit Immunity Act provides that "the State of Illinois shall not be made a defendant or party in any court," except as provided in the Court of Claims Act. 745 ILCS 5/1 (West 1996). The Court of Claims Act creates the Court of Claims as the "exclusive" forum for resolving lawsuits against the state. 705 ILCS 505/8 (West 1996). Specifically, the Court of Claims has "exclusive jurisdiction to hear and determine *** [a]ll claims against the State for damages in cases sounding in tort." 705 ILCS 505/8(d) (West 1996).

The purpose of sovereign immunity is to protect the state from interference with the performance of governmental functions and to preserve and to protect state funds. *S.J. Groves & Sons Co. v. State of Illinois*, 93 Ill. 2d 397, 401 (1982). Thus, an action brought nominally against a state employee in his or her individual capacity will be considered a claim against the state and barred by sovereign immunity if a judgment in favor of the plaintiff could operate to control the actions of the state or subject it to liability. *Currie v. Lao*, 148 Ill. 2d 151, 158 (1992). In this case, the Director initiated a lawsuit against the defendant because he believed that the defendant encroached on state park property. The Department of Conservation is charged with managing state park property, and thus the Director was acting consister with his public duty as a state official.

The defendant has brought—by way of counter-claim—various tort claims seeking damages in excess of $2 million against the Director. The claims relate to official duties of this state employee and any judgment would be recoverable against the state. Thus, these are essentially tort claims against the state and had they been filed in the form of a complaint, rather than a counterclaim, there is no question that the circuit court would lack jurisdiction to adjudicate the claims. 705 ILCS 505/8(d) (West 1996).

Does it matter then that the defendant has raised these tort claims by way of counterclaim in litigation initiated by the state in the circuit court? On one level, as the appellate court concluded, fairness seems to dictate that the defendant should be allowed to raise *any* counterclaim in the circuit court: the state started this fight in the circuit court and must live with the consequences. The doctrine of sovereign immunity, however, is not about fairness. The legislature has conferred immunity upon the state, and the legislature—only the legislature—can determine when and where claims against the state will be allowed. With regard to tort claims, the legislature's directive could not be more clear: tort claims against the state must be brought in the Court of Claims. See 705 ILCS 505/8(d) (West 1996).

The defendant has raised two additional claims in his counterclaim: he has sought a judicial determination of the boundary line between his property and the state park and ejectment. Does sovereign immunity require that these property claims also be brought in the Court of Claims? The central issue in the case is who owns the land in question, and that issue is before the circuit court by virtue of the state's complaint. The defendant's response is that he owns the land—not the state. Thus, the property claims raised by the defendant are defensive in nature and are asserted for the purpose of defeating the

state's action, and not for the purpose of obtaining an affirmative judgment against the state. Because the circuit court has jurisdiction to decide the state's request for an injunction and money damages, and that necessarily involves a determination of the defendant's claimed ownership interest, sovereign immunity does not bar the circuit court from exercising jurisdiction over the defensive, property claims raised in the counterclaim.

Therefore, we reverse the appellate court's judgment with regard to the tort claims raised in the defendant's counterclaim: sovereign immunity bars the circuit court from exercising jurisdiction over those claims and requires that those claims be brought in the Court of Claims. We affirm the appellate court's judgment that the circuit court may exercise jurisdiction over the property claims raised in the defendant's counterclaim: those claims are defensive in nature and must necessarily be decided to adjudicate the state's request for injunctive relief and money damages. The judgment of the circuit court is affirmed in part and reversed in part and the cause is remanded to that court for further proceedings.

*Appellate court judgment*
*affirmed in part and reversed in part;*
*circuit court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICE MILLER took no part in the consideration or decision of this case.

CHIEF JUSTICE FREEMAN, concurring in part and dissenting in part:

I agree with that portion of the court's judgment holding that the defendant must refile his tort counterclaims in the Court of Claims. I disagree, however, with the determination that the counterclaim seeking ejectment of the state from the land at issue may properly be

asserted in the circuit court. I therefore respectfully dissent from that portion of today's opinion.

As the majority observes, actions against the State of Illinois may not be brought in any court except as permitted under the Court of Claims Act (Act). *Sass v. Kramer*, 72 Ill. 2d 485 (1978). Consistent with this principle, a counterclaim against the state that would otherwise fall under the bar of sovereign immunity may not be asserted in the circuit court, but must be filed as provided under the Act. See, *e.g., Gorman*, 111 Ill. App. 3d 729. This court has determined that disputes involving property of which the state is the record titleholder constitute "actions against the State" under the Act, and thus are within the exclusive province of the Court of Claims. *Gordon v. Department of Transportation*, 99 Ill. 2d 44 (1983); see also *Sass*, 72 Ill. 2d at 490-91. The Court of Claims also possesses sole jurisdiction over all claims against the state "founded upon any law of the State." 705 ILCS 505/8(a) (West 1996).

The majority contends that, because the counterclaim at issue, like the state's complaint, sought an adjudication of the correct boundary line between the defendant's property and the state park, it was merely "defensive in nature" and was "asserted for the purpose of defeating the state's action" rather than for "obtaining an affirmative judgment against the state." 184 Ill. 2d at 249-50. However, this ignores the fact that the counterclaim also explicitly demanded that "the [state] be ejected from [defendant's] property." As a basis for this demand, the defendant alleged that the state had illicitly "entered upon, placed new boundary signs upon, trespassed upon and *** exercised dominion and possession over" that portion of the land belonging to the defendant.

An action in ejectment is an affirmative, statutory claim which must be pleaded and proved. See 735 ILCS 5/6—101 *et seq.* (West 1994); *Dagit v. Childerson*, 391 Ill.

611 (1945); *Bulatovic v. Dobritchanin*, 252 Ill. App. 3d 122, 128 (1993). In the event the defendant in this case prevails on his claim as to the proper boundary line, the court will be required to enter an order ousting the state from its current possession of the land, thus entering an "affirmative judgment against the State." For this reason, as well as the fact that the counterclaim was "founded upon [a] law of the State" (705 ILCS 505/8(a) (West 1996)), the claim must be brought in the Court of Claims as required under the Act.