(text box: 1)
 NO. 5-99-0216

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

WILLIAM EVANS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  Randolph County.

)

v. )  No. 98-MR-102

)

THOMAS PAGE, )  Honorable

)  William A. Schuwerk, Jr.,

     Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

William Evans (plaintiff), an inmate in the Illinois Department of Corrections (the Department) at Menard Correctional Center (Menard), appeals from the dismissal of his complaint against Thomas Page (defendant), warden of Menard.  Plaintiff's complaint seeks relief under the Americans with Disabilities Act of 1990 (the Act) (42 U.S.C. §12101 
et seq.
 (1994)).  This court had issued an order affirming the trial court's dismissal of plaintiff's action.  
Evans v. Page
, No. 5-99-0216 (May 5, 2000) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)).  Plaintiff filed a petition for rehearing, and defendant filed a response.  We now grant plaintiff's petition for rehearing and withdraw our order filed May 5, 2000, substituting this disposition in its place.

BACKGROUND

On December 3, 1998, plaintiff, who is paraplegic, filed his complaint, entitled "A.D.A. Complaint," in the Randolph County circuit court.  Plaintiff asserted that since November 26, 1997, he was denied transportation to and from court in a wheelchair-accessible vehicle, he was denied wheelchair-accessible recreation and exercise, and the health care unit and library at Menard were not wheelchair accessible.  Plaintiff alleged that the transportation he was provided caused him pain and that without a wheelchair-accessible scale to weigh him, the health care unit was unable to provide plaintiff with a comprehensive physical examination.  Plaintiff sought $50,000 in damages from defendant.

Plaintiff requested leave to amend the complaint on February 3, 1999.  Plaintiff's amended complaint described plaintiff as "a qualified individual with a disability," named Thomas Page as the sole defendant, and asserted that he was entitled to relief under the Act because he was being transported in a van that was not handicapped equipped.   

On March 10, 1999, defendant moved to dismiss the complaint pursuant to section 2-615 and section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(9) (West 1998)).  Defendant attached an affidavit of Menard's medical records director attesting that plaintiff was seen numerous times by the health care staff at Menard.  Defendant also attached plaintiff's medical progress notes, dated November 26, 1997, listing plaintiff's weight.  Pursuant to section 2-615, defendant argued that the allegations in the complaint were conclusory and did not state a cause of action.  Pursuant to section 2-619(a)(9), defendant argued that plaintiff was not excluded from attending court or going to the hospital or the library or from engaging in recreation and exercise and that, therefore, the complaint failed to state a claim under the Act.  

Plaintiff responded on March 19, 1999, to the motion to dismiss, and on March 22, 1999, the circuit court granted defendant's motion.  Plaintiff did not seek a ruling on his motion to amend his petition, which was never addressed by the trial court.  Plaintiff chose instead to file an appeal.

On appeal, plaintiff asserts that his complaint was sufficient to state a cause of action under the Act and thus was improperly dismissed.  He does not argue in his opening brief that the trial court erred because it did not rule on his motion to amend his petition.  Thus, plaintiff has waived the issue on appeal, despite his attempt to introduce the issue in his reply brief.  Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)) mandates, "points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 

STANDARD OF REVIEW

We review 
de novo
 an order granting a motion to dismiss pursuant to section 2-615 or section 2-619.  
Aboufariss v. City of De Kalb
, 305 Ill. App. 3d 1054, 1067 (1999) (citing 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112 (1993)).

DISCUSSION

An analysis of whether plaintiff's allegations can be pursued under the Act must begin with the language of the statute itself.  See 
Watt v. Alaska
, 451 U.S. 259, 265, 68 L. Ed. 2d 80, 88, 101 S. Ct. 1673, 1677 (1981).  The statute's plain language must be given effect.
  Connecticut National Bank v. Germain
, 503 U.S. 249, 253, 117 L. Ed. 2d 391, 397, 112 S. Ct. 1146, 1149 (1992).

The Act states in pertinent part as follows:

"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[] or be subjected to discrimination by any such entity."  42 U.S.C. §12132 (1994).

A "qualified individual with a disability" is broadly defined as "an individual with a disability *** who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. §12131(2) (1994).  The term "public entity" is defined to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. §12131(1)(B) (1994).  In  
Pennsylvania Department of Corrections v. Yeskey
, 524 U.S. 206, 141 L. Ed. 2d 215, 118 S. Ct. 1952 (1998), the Supreme Court found that the Act covered inmates in state prisons. 

Thus, to prevail on a claim under the Act, plaintiff must show that he is a qualified individual with a disability who was denied participation in, or the benefits of, the services, programs, or activities of a public entity because of his disability.  42 U.S.C. §12132 (1994).  Defendant may raise as an affirmative defense that the requested accommodation of plaintiff's disability would constitute an undue burden requiring " 'a fundamental alteration in the nature of a service, program, or activity or in undue financial or administrative burdens.' "  
Gorman v. Bartch
, 152 F.3d 907, 912 (8th Cir. 1998) (quoting 28 C.F.R. §35.150(a)(3) (1996)).  

Plaintiff's allegation that defendant denied him the benefit of transportation appropriate for his disability falls within the framework of the Act.  See 
Gorman
, 152 F.3d at 912 (the transportation of an arrestee to the station house is a service of the police within the meaning of the Act).  As recognized in 
Gorman
, Congress noted, in the statement of findings and purpose in the beginning of the statute, that "discrimination against individuals with disabilities persists in such critical areas as *** transportation" (42 U.S.C. §12101(a)(3) (1994)) and that "individuals with disabilities continually encounter various forms of discrimination, including *** failure to make modifications to existing facilities and practices ***" (42 U.S.C. §12101(a)(5) (1994)).  
Gorman
, 152 F.3d at 913.  The Act provides "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. §12101(b)(1) (1994); 
Gorman
, 152 F.3d at 913. 

The statute must be interpreted broadly to include the ordinary operations of a public entity, in order to carry out the purpose of prohibiting discrimination.  See 
Innovative Health Systems, Inc. v. City of White Plains
, 117 F.3d 37, 44-45 (2nd Cir. 1997).  The benefit plaintiff sought in this case was to be handled and transported in a safe and appropriate manner consistent with his disability.  See 28 C.F.R. §35.130(b)(1) (1996) (public entity may not provide services that deny disabled individuals the equal benefit of the service); 
Gorman
, 152 F.3d at 913.

With regard to plaintiff's allegation that he was denied a comprehensive physical examination because the health care unit lacked a wheelchair-accessible scale to weigh him, we follow the reasoning above and find that plaintiff's contention passes the threshold required to bring his action under the Act.  Similar to transportation, the benefit plaintiff sought was to be handled and physically examined in a safe and appropriate manner consistent with his disability.  See 28 C.F.R. §35.130(b)(1) (1996) (public entity may not provide services that deny disabled individuals the equal benefit of the service); 
Gorman
, 152 F.3d at 913.

This court liberally construes 
pro se
 civil rights pleadings (
Murillo v. Page
, 294 Ill. App. 3d 860, 864 (1998)), and we do not find that plaintiff can prove no set of facts to support his causes of action regarding the lack of appropriate transportation and a comprehensive physical examination (see 
Carroll v. Faust
, 311 Ill. App. 3d 679, 684 (2000)).  Because plaintiff's allegations pass the threshold required to bring his case under the Act, the trial court's ruling to the contrary must be reversed and the cause must be remanded for further proceedings.  It remains to be determined whether plaintiff can prove he was denied a benefit or service because of his disability or whether defendant can show he made reasonable accommodations for plaintiff's disability or whether further accommodation would have been an undue burden.  See 
Gorman
, 152 F.3d at 913 (citing 29 U.S.C. §794a(a)(1) (1994); 42 U.S.C. §12133 (1994)).

Nevertheless, plaintiff's remaining assertions–that he was denied a wheelchair-accessible library and wheelchair-accessible exercise and recreation services–constitute conclusions unsupported by specific factual allegations and were therefore properly dismissed under section 2-615 of the Code of Civil Procedure.  See 
Anderson v. Vanden Dorpel
, 172 Ill. 2d 399, 408 (1996) (in opposing a motion for dismissal under 2-615 of the Code of Civil Procedure, a plaintiff cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations); see also 
Barber-Colman Co. v. A & K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 1069 (1992).

Having reviewed the record in this case and the authorities cited by plaintiff and defendant, we agree, in part, with plaintiff's position and conclude that the trial court erred in dismissing plaintiff's causes of action regarding the lack of appropriate transportation and the opportunity for a comprehensive physical examination.  Accordingly, we reverse the dismissal of plaintiff's complaint in part, and we remand the cause to the circuit court of Randolph County.

Affirmed in part and reversed in part; cause remanded.

CHAPMAN, P.J., and KUEHN, J., concur.

                                      

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/10/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.