THE CITY OF CARBONDALE, Petitioner-Appellee, v. GLEN BOWER, Director of Revenue, *et al.*, Respondents-Appellants.

Fifth District    No. 5—01—0646

Opinion filed July 10, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellants.

Michael F. Dahlen, of Feirich, Mager, Green, Ryan, and M. Paige Reed and Deborah Nelson, all of Carbondale, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The respondents—Glen Bower, Director of Revenue for the Department of Revenue; the Department of Revenue (DOR); Kirk Brown, Secretary of Transportation of the Department of Transportation; and the Department of Transportation (DOT)—appeal the trial court's grant of a preliminary injunction to the petitioner, the City of Carbondale. On appeal, the respondents contend that the trial court lacked jurisdiction to consider the city's petition for a permanent injunction because the action was barred by sovereign immunity and, alternatively, that the trial court's entry of the preliminary injunction was an abuse of discretion. We reverse and dismiss the cause of action for the lack of subject matter jurisdiction.

## FACTS

On July 11, 2001, the city filed motions for leave to file an action against the respondents to restrain and enjoin the respondents from disbursing public funds. The city also filed a petition that sought a temporary restraining order (TRO) and a permanent injunction against the respondents. The motion for leave to file a petition for a permanent injunction asserted that the matter was being brought under the injunction provision of section 11—301 of the Code of Civil Procedure, entitled "Disbursement of Public Moneys" (735 ILCS 5/11—301 (West 2000)).

That same day, without notice to the respondents and in the respondents' absence, the trial court conducted a hearing on the request for a TRO. The city advised the court that it receives money

from the DOR and the DOT pursuant to the State Revenue Sharing Act (30 ILCS 115/0.1 *et seq.* (West 2000)) and under the Motor Fuel Tax Law (35 ILCS 505/1 *et seq.* (West 2000)). The statutes require that the amount of funds distributed to the city through the State Revenue Sharing Act and under the Motor Fuel Tax Law be based upon the latest census conducted by the federal government. The 2000 census was certified by the Secretary of State on May 29, 2001. The city advised the trial court that the 2000 census stated that the city has 6,352 less people than certified by the 1990 census. The city asserted that the 2000 census was erroneous, based on figures the city had compiled, and that the city would suffer irreparable harm if the DOR and the DOT were allowed to disburse the funds pursuant to the 2000 census, because the city would be unable to recover the funds once distributed, even if the 2000 census was corrected at a later date. The trial court entered a TRO as follows:

"A. [The respondents are to refrain] from using the 2000 census of the U.S. Census Bureau for the allocation of funds to the Petitioner in accordance with the State Revenue Sharing Act and the Motor Fuel Tax Law; and

B. That the Respondents are hereby directed to use the 1990 census for the allocation and disbursement of funds to the Petitioner in accordance with the State Revenue Sharing Act and the Motor Fuel Tax Law; and

C. That the Respondents are directed to disburse only that amount to the Petitioner which equals funding proposed under the 2000 census and place the remaining balance into a designated escrow account under the name of Petitioner and established by the Respondents ***."

The respondents filed a motion to dissolve the TRO on July 16, 2001. The respondents also filed a motion to dismiss the petition for a TRO and a permanent injunction under sections 2—615 and 2—619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(1) (West 2000)). In the motion to dismiss, the respondents alleged, *inter alia*, that the city's petition was substantially insufficient in law and that the court lacked subject matter jurisdiction under the doctrine of sovereign immunity.

At the motion hearing held on July 17, 2001, the trial court held that the procedure required under section 11—301 was not followed, and the court vacated its TRO but then considered whether another TRO could issue.

The trial court concluded that it had subject matter jurisdiction to consider the city's motions, pursuant to section 11—301. The court entered a preliminary injunction against respondents Bower and

Brown and ordered them to refrain from using the 2000 census for the allocation of funds to the city under the State Revenue Sharing Act and the Motor Fuel Tax Law, directed Bower and Brown to use the 1990 census to allocate the funds to the city, and ordered that only the amount due under the 2000 census be disbursed to the city and that the difference between the allocation under the 2000 census and the allocation under the 1990 census be deposited into an escrow account in the name of the city until the census matter is resolved.

The respondents filed an interlocutory appeal, pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), from the court's order granting the preliminary injunction.

## ANALYSIS

The respondents contend that under the doctrine of sovereign immunity the trial court lacked subject matter jurisdiction to consider the city's petition. The city claims that the court has jurisdiction under section 11—301 of the Code of Civil Procedure because the city was requesting the court to "restrain and enjoin the disbursement of public funds." The city claims that since the term "enjoin" is defined to mean "[t]o require a person, by writ of injunction, to perform *** some act" (Black's Law Dictionary 529 (6th ed. 1990)), this section grants the city the right to sue Brown and Bower. The respondents alternatively argue that the trial court's grant of the preliminary injunction was an abuse of discretion.

■ Section 11—301 of the Code of Civil Procedure states as follows:

> "Who may file action. An action to restrain and enjoin the disbursement of public funds by any officer or officers of the State government may be maintained either by the Attorney General or by any citizen and taxpayer of the State." 735 ILCS 5/11—301 (West 2000).

In order to file an action under section 11—301, the plaintiff must be "any citizen *and* taxpayer" (emphasis added), the complaint must be against an "officer or officers of the State government," and the complaint must be an "action to restrain *and* enjoin" (emphasis added) the disbursement of public funds. 735 ILCS 5/11—301 (West 2000). Here, the city is not a taxpayer, so it fails to meet one requirement of section 11—301.

In addition, the city is not asking to "restrain and enjoin" the disbursement of public funds but is asking that the funds be disbursed in accordance with its desires. The city urges a statutory construction of the term "enjoin" that would allow a mandatory injunction, *i.e.*, an order for the State to disburse funds rather than to restrain from disbursing funds. The city seeks to restrain the application of the 2000

census, not the disbursement of funds, although the respondents argue that would require a restraint from disbursing to another city. In support of its construction of the statute, the city sets forth one definition of the term "enjoin." However, Black's Law Dictionary defines "enjoin" in two ways: "To legally prohibit or restrain by injunction ***" or "To prescribe, mandate, or strongly encourage ***." Black's Law Dictionary 550 (7th ed. 1999). The term "enjoin" in section 11—301 is connected to the term "restrain" by the word "and." Generally, principles of statutory construction interpret the term "and" as conjunctive rather than disjunctive. See *People ex rel. Aramburu v. City of Chicago*, 73 Ill. App. 2d 184 (1966). Thus, if we construe "restrain and enjoin" as the city asks, it would produce an incongruent result—to both prohibit and mandate the disbursement of funds.

■ The statutory construction urged by the city also would conflict with the doctrine of sovereign immunity. The doctrine of sovereign immunity was abolished "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4; *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245 (1998). The legislature reasserted sovereign immunity by way of the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2000)), which provides that the State shall not be sued except as provided in the Court of Claims Act (705 ILCS 505/8 (West 2000)). *Nickerson*, 184 Ill. 2d at 248. The Court of Claims is the exclusive forum for resolving lawsuits against the State where, as here, the claim is founded "upon any law of the State of Illinois." 705 ILCS 505/8(a) (West 2000); *Nickerson*, 184 Ill. 2d at 248.

■ Sovereign immunity also applies where a State department or agency is named as a party defendant. *Doe v. Burgos*, 265 Ill. App. 3d 789 (1994). The formal identification of the parties does not determine whether an action is against the State, but rather the issues involved and the relief sought controls whether the claim should be brought in the Court of Claims. *Doe*, 265 Ill. App. 3d at 792.

■ "The purpose of sovereign immunity is to protect the state from interference with the performance of governmental functions and to preserve and to protect state funds." *Nickerson*, 184 Ill. 2d at 248. If an action is brought nominally against a State employee in his or her individual capacity, the claim will be considered a claim against the State and will be barred by sovereign immunity if a judgment favorable to a plaintiff would result in controlling the actions of the State or subjecting it to liability. *Nickerson*, 184 Ill. 2d at 248. The three-part test that is applied to determine if a State employee may be sued in his or her individual capacity is as follows: (1) Is there is an allegation that the employee or agent of the State acted beyond the scope of his authority through wrongful acts? (2) Is the duty allegedly

breached owed to the public generally, independent of the fact of State employment? and (3) Are the complained-of matters outside the employee's normal and official functions of the State? *Sneed v. Howell*, 306 Ill. App. 3d 1149 (1999). If a complaint does not meet this three-part test, then the action is nominally against the employee and is in reality against the State, and the Court of Claims has exclusive jurisdiction of the case. *Sneed*, 306 Ill. App. 3d at 1154-55.

■ Here, the city brought its claim against both State agencies and State employees in their individual capacities. The preliminary injunction granted to the city directly and adversely interferes with the performance of governmental functions and with the preservation and protection of State funds. The preliminary injunction requires the disbursement of funds pursuant to the 1990 census, rather than the 2000 census, with regard to the city alone, thereby subjecting the State to liability as to other municipalities that are being disbursed funds under the 2000 census. Additionally, after disbursement to other cities under the 2000 census, no funds under the State Revenue Sharing Act or the Motor Fuel Tax Law remain available under the 1990 census figures to establish an escrow account in the city's name. The preliminary injunction mandates the expenditure of more State funds than are allocated. This directly affects the protection and preservation of State funds. Therefore, sovereign immunity applies to the city's petition as to the DOR and the DOT, and the Court of Claims has exclusive jurisdiction of the action against them. The trial court had no subject matter jurisdiction with regard to the city's petition as to the DOR and the DOT.

Similarly, we find that sovereign immunity also applies to Bower and Brown. The city's petition does not assert that either Bower or Brown acted beyond the scope of his authority as a State employee. The city failed to assert that Bower or Brown breached a duty owed to the public generally, independent of his State employment. The city does not assert that Bower's and Brown's actions were in any way wrongful acts. In fact, the city complains of actions by Bower and Brown that were conducted in the normal and ordinary course of their employment, and their actions are directed by the particular statutes that the city wants to abrogate. Thus, the city's petition against Bower and Brown is against them nominally as State employees and is in reality against the State. The city's petition is under the exclusive jurisdiction of the Court of Claims, and the trial court had no subject matter jurisdiction to consider the city's petition.

■ The preliminary injunction entered against the respondents is a mandatory injunction that directly subjects the State to liability. The purpose of sovereign immunity is to preserve State funds, not expend

them. If we were to construe section 11—301 to allow a citizen and taxpayer to direct the disbursement of State funds, rather than to restrain their disbursement, this would be in direct conflict with the doctrine of sovereign immunity. Further, the preliminary injunction entered in this case is a mandatory injunction because it requires the State to take specific actions. Sovereign immunity prohibits a court from entering a mandatory injunction directing the State to take specific action. *Brando Construction, Inc. v. Department of Transportation*, 139 Ill. App. 3d 798 (1985). In order to reconcile section 11—301 with the doctrine of sovereign immunity, we find that section 11—301 is to be construed to restrain and prohibit the disbursement of funds. The trial court misapplied section 11—301 to this case, and the doctrine of sovereign immunity establishes that the trial court lacked subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed, and the cause is dismissed for lack of subject matter jurisdiction.

Reversed; cause dismissed.

WELCH and GOLDENHERSH, JJ., concur.