WILLIAM EVANS, Plaintiff-Appellant, v. THOMAS PAGE, Defendant-Appellee.

Fifth District· No. 5—02—0126

Opinion filed June 18, 2003.—Rehearing denied July 14, 2003.

William Evans, of Alsip, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Mary Patricia Kerns, Assistant Attorney General, of counsel), for appellee.

JUSTICE DONOVAN delivered the opinion of the court:

William Evans (plaintiff), proceeding *pro se,* appeals the circuit court's ruling dismissing his claim against the warden of Menard Correctional Center (Menard), Thomas Page (defendant). Plaintiff's complaint sought damages for alleged violations of Title II of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. §§ 12131 through 12134 (1994)). For the following reasons, we affirm.

## BACKGROUND

This is a second appeal arising from a civil action filed by plaintiff pursuant to the ADA (42 U.S.C. § 12101 *et seq.* (1994)). Plaintiff, who is a paraplegic, was a prisoner in the custody of the Department of Corrections (Department) at Menard, where defendant was the warden. Plaintiff filed a complaint asserting that he had been (1) denied transportation to and from court in a wheelchair-accessible vehicle, (2) denied wheelchair-accessible recreation and exercise, and (3) denied wheelchair access to the health care unit and library at Menard. Plaintiff further alleged that the transportation he had been provided caused him pain and that without a wheelchair-accessible scale to weigh him, the health care unit had been unable to provide him with a comprehensive physical exam.

The circuit court granted defendant's motion to dismiss the complaint pursuant to sections 2—615 and 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(9) (West 2000)), and plaintiff appealed. Initially, this court issued a Rule 23 order affirming the dismissal of the complaint. *Evans v. Page,* No. 5—99—0216 (May 5, 2000) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). However, upon the consideration of a petition for rehearing filed by plaintiff and defendant's answer thereto, this court issued an opinion holding that plaintiff's allegations regarding the provisions

of transportation and health care in an appropriate manner consistent with his disability were sufficient to pass the threshold required to bring the case under the ADA. *Evans v. Page*, 324 Ill. App. 3d 241, 246, 755 N.E.2d 105, 108 (2001).

On remand, defendant again filed a motion to dismiss, pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)). The basis of the motion and accompanying memorandum was that plaintiff's claim was barred by the State's sovereign immunity. The circuit court granted defendant's motion to dismiss, stating, "No cause of action exists in this Court for bringing claims against the State of Illinois for violations of the Americans with Disabilities Act."

Plaintiff argues to this court that (1) pursuant to the ADA defendant can be sued in Illinois courts in his capacity as warden, (2) defendant failed to show that he had made reasonable accommodations for plaintiff's disability and that further accommodations would have been an undue burden, (3) the trial court and defendant were bound to follow the opinion and mandate of the reversal from this court, (4) he is entitled to a summary judgment, (5) he has proved he has been denied a benefit or service because of his disability, and (6) he was entitled to the discovery requested and the attorney fees and costs that he was denied.

The State responds that (1) plaintiff's claims under Title II of the ADA were properly dismissed based on the grounds of sovereign immunity and a lack of jurisdiction, (2) the circuit court correctly dismissed plaintiff's claims for compensatory damages because he failed to allege a discriminatory intent by defendant, (3) the circuit court properly denied plaintiff's motion for a summary judgment, (4) the circuit court properly considered defendant's motion to dismiss for a lack of jurisdiction, and (5) the circuit court properly denied plaintiff's request for attorney fees.

## STANDARD OF REVIEW

■ We review *de novo* the trial court's order granting defendant's section 2—619 motion to dismiss. On a review of a ruling on a section 2—619 motion, the questions on appeal are whether a genuine issue of material fact exists and whether the defendant is entitled to a judgment as a matter of law. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389, 757 N.E.2d 471, 477 (2001).

## THE ADA

■ This case arises under Title II of the ADA. Section 202 of the ADA provides as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such dis-

ability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[ ] or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1994). A "public entity" is defined to include any state or local government, department, agency, special purpose district, or other instrumentality of a state or states or local government. 42 U.S.C. §§ 12131(1)(A), (1)(B) (1994). The United States Supreme Court has held that Title II's prohibition of discrimination by "public entities" against disabled individuals includes within its coverage state prisons and prisoners. *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 141 L. Ed. 2d 215, 118 S. Ct. 1952 (1998).

■ Claims of discrimination pursuant to Title II of the ADA lie only against the public entity, not against the individual public official. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000). In the case at bar, plaintiff sued defendant, the former warden of Menard, in his official capacity, and sought $50,000 in damages based upon the Department's alleged violations of the ADA. In this case, we conclude that plaintiff's claims were asserted against the State of Illinois and the Department, an arm of the State.

## SOVEREIGN IMMUNITY

■ The Illinois Constitution of 1970 abolished sovereign immunity but granted the legislature the power to restore it. Ill. Const. 1970, art. XIII, § 4. In 1971, the General Assembly reestablished sovereign immunity when it enacted the State Lawsuit Immunity Act (Pub. Act 77—1776, § 1, eff. January 1, 1972 (1971 Ill. Laws 3446-47)), which provides that the State of Illinois "shall not be made a defendant or party in any court" except as provided in the Court of Claims Act (705 ILCS 505/1 through 29 (West 2000)). The General Assembly later enacted Public Act 83—1012 (Pub. Act 83—1012, § 26, eff. July 1, 1984 (1983 Ill. Laws 6859)), which also excepted the Illinois Public Labor Relations Act (5 ILCS 315/1 through 27 (West 2000)). See 745 ILCS 5/1 (West 2000); *Cooper v. Illinois State University*, 331 Ill. App. 3d 1094, 1097, 772 N.E.2d 396, 398 (2002).

■ Lawsuits by a private citizen against a state in state court, based upon a federal statute, are barred by sovereign immunity unless the state's immunity has been waived or abrogated by Congress. *Alden v. Maine*, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999). Where sovereign immunity applies, the circuit court is without jurisdiction to entertain that litigation. *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245, 702 N.E.2d 1278 (1998); *Cooper v. Illinois State University*, 331 Ill. App. 3d 1094, 772 N.E.2d 396 (2002). Sovereign immunity has not been confined to actions that name the State as the

defendant. *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 350-51, 751 N.E.2d 1187, 1192 (2001). Rather, sovereign immunity applies in an action naming a state employee as a defendant when the impact on the State makes the suit, for all practical purposes, one against the State. *Welch*, 322 Ill. App. 3d at 351, 751 N.E.2d at 1192.

## ANALYSIS

■ The State in this case is protected by sovereign immunity. The State has not consented to be sued by prisoners in the circuit court based on ADA violations, and the State's immunity has not been abrogated by Congress. In support of our decision, we note that after the United States Supreme Court decision in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001), holding that section 5 of the fourteenth amendment does not constitute a valid basis for Congress's abrogation of states' sovereign immunity under Title I of the ADA (42 U.S.C. §§ 12111 through 12117 (1994)), almost every federal circuit court of appeals to consider the question has held that Title II of the ADA did not constitute a valid abrogation of state sovereign immunity under section 5 of the fourteenth amendment because Congress had not identified a history and pattern of unconstitutional discrimination by the states against the disabled. See, *e.g.*, *Wessel v. Glendening*, 306 F.3d 203, 215 (4th Cir. 2002); *Klinger v. Director, Department of Revenue*, 281 F.3d 776, 777 (8th Cir. 2002); *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 812, 815-16 (6th Cir. 2002) (*en banc*) (holding abrogation invalid for equal protection claims but not due process claims); *Reickenbacker v. Foster*, 274 F.3d 974, 981 (5th Cir. 2001); *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98, 110-12 (2d Cir. 2001); *Thompson v. Colorado*, 278 F.3d 1020, 1034 (10th Cir. 2001); but see *Hason v. Medical Board*, 279 F.3d 1167, 1171 (9th Cir. 2002); *Miranda v. Kitzhaber*, 328 F.3d 1181 (9th Cir. 2003). The court in *Wessel* stated:

> "In sum, we conclude that Congress did not validly abrogate the sovereign immunity of the states when it enacted Part A of Title II of the ADA. Although Congress properly and clearly expressed its intent to do so, it acted on the basis of an inadequate record and imposed a remedy that is neither congruent nor proportional to the problem it identified." *Wessel*, 306 F.3d at 215.

Plaintiff argues that *Erickson v. Board of Governors of State Colleges & Universities for Northeastern Illinois University*, 207 F.3d 945 (7th Cir. 2000), is on point. In *Erickson*, the court concluded that private litigation to enforce the ADA may not proceed in federal court and that the plaintiff "may repair to Illinois court." *Erickson*, 207 F.3d at 952. However, we agree with the Appellate Court, Fourth

District's interpretation of the holding in *Erickson* in *Cooper v. Illinois State University*, 331 Ill. App. 3d 1094, 772 N.E.2d 396 (2002). In *Cooper*, the court held that the language in *Erickson* did not govern the question of whether a circuit court had jurisdiction over ADA claims brought against the State. *Cooper*, 331 Ill. App. 3d at 1100, 772 N.E.2d at 400. The court specifically stated, "Because federal courts do not exercise appellate jurisdiction over state courts, [the] court is not bound to follow decisions by federal courts other than the United States Supreme Court (and then only to the extent that the Court is interpreting the United States Constitution)." *Cooper*, 331 Ill. App. 3d at 1100, 772 N.E.2d at 400. The court then stated: "[The language in *Erickson*] certainly does not confer jurisdiction where none previously existed ***. If the United States Congress cannot compel state courts to hear certain disputes [citation], the federal judiciary certainly cannot do so in *dicta*." *Cooper*, 331 Ill. App. 3d at 1100, 772 N.E.2d at 400-01.

Based on the above, we find that plaintiff's action in the circuit court is precluded by sovereign immunity. Therefore, it is not necessary to address the remaining issues raised by plaintiff. We also have not addressed the issue of whether plaintiff can pursue an action before the Human Rights Commission (see 775 ILCS 5/1—101 *et seq.* (West 2002)).

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

HOPKINS, P.J., and GOLDENHERSH, J., concur.