MANION, Circuit Judge,
concurring.
I join the court’s opinion. I write separately to address the scope of Illinois’ sovereign immunity defense for state employees sued in their individual capacities, which has been a difficult issue for the Illinois state courts. Because the plaintiff in this case prevailed on federal constitutional claims as well as state claims, only a small portion of the judgment is at stake in this appeal. Yet the case still presents an important issue of state law: to what extent Illinois’ State Lawsuit Immunity Act and the Court of Claims Act confínes intentional tort claims against state employees to the Illinois Court of Claims.
The State Lawsuit Immunity Act- prohibits the State of Illinois from- being named as a defendant in any court, with limited exceptions. 745 ILCS 5/1. One of those exceptions is the Court of Claims Act, which created that court as the “exclusive forum for resolving lawsuits against the state.” People ex rel. Manning v. Nickerson, 184 Ill.2d 245, 234 Ill.Dec. 375, 702 N.E.2d 1278, 1280 (1998) (internal quotation marks omitted). It provides in relevant part that, the Court of Claims has exclusive jurisdiction, over “[a]ll claims against the State for damages sounding in tort.” 705 ILCS 505/8(d). In effect, the State’s limited waiver of sovereign immunity gives it home-court advantage when it defends tort claims for damages. See Loman v. Freeman, 229 Ill.2d 104, 321 Ill.Dec. 724, 890 N.E.2d 446, 458 (2008) (no right to a jury trial in the Court of Claims); Reichert v. Court of Claims, 203 Ill.2d 257, 271 Ill.Dec. 916, 786 N.E.2d 174, 177 (2003) (no right to appeal the merits of a Court of Claims decision).
The dispositive question here is whether state-law portions of this suit (the battery claims) against the defendant prison guards are really “against the State” for the purposes of these statutes. The most natural reading of the statute seems to preclude any court other than the .Illinois Court of Claims from exercising jurisdiction over the plaintiffs intentional tort claim. Battery is a tort and the defendants here were acting in the scope of their state employment when they (according to the jury) battered the plaintiff. Had they not been doing so, the Illinois Attorney General’s office. would not have appeared on their behalf, as it did in the district court and in this court. 5 ILCS 350/2(a) & (e) (providing that the Illinois Attorney General will appear on behalf of a state employee sued for something “arising out of any act or omission occurring within the scope of the employee’s State employment” and indemnify. upon judgment against the employee in such cases). In every practical sense, this is a judgment that “could operate to control the 'actions of the State or subject it to liability.” Currie v. Lao, 148 Ill.2d 151, 592 N.E.2d 977, 592 N.E.2d 977, 980 (1992).
However, the Illinois Supreme Court has construed “against the State” more narrowly in suits against state employees. See, e.g., Leetaru v. Bd. of Trs., 392 Ill.Dec. 275, 32 N.E.3d 583, 596 (Ill. 2015); Loman, 321 Ill.Dec. 724, 890 N.E.2d at 462.[1] That court would hold that the defen *662 dants here acted outside their authority and therefore that immunity does not apply. We are bound to follow that court’s holdings and reasoning. Therefore, I join the opinion of the court in full.

. Several opinions of Illinois' intermediate appellate court read the Court of Claims Act more broadly; their reasoning would bring the plaintiff’s battery claims within the exclusive jurisdiction of the Court of Claims. See, e.g., Grainger v. Harrah’s Casino, 385 Ill.Dec. 265, 18 N.E.3d 265, 273-75 (Ill. App. Ct. 2014); Sellers v. Rudert, 395 Ill.App.3d 1041, 335 Ill.Dec. 241, 918 N.E.2d 586, 591-92 (2009); Welch v. Illinois Supreme Court, 322 *662 Ill.App.3d 345, 256 Ill.Dec, 350, 751 N.E.2d 1187, 1194 (2001); Campbell v. White, 207 Ill.App.3d 541, 152 Ill.Dec. 519, 566 N.E.2d 47, 53 (1991). However,-we are bound only by the opinions of Illinois’ highest court.